BROOKS-SCANLON CO. ET AL. *v.* STOGNER.

[75 South. 596, Division B.]

1. APPEAL AND ERROR. *Scope of review. Finding on facts.*
   Where there is a conflict in the testimony as to matters of fact the findings of the chancellor thereon will be treated as true by the supreme court on appeal.

2. QUIETING TITLE. *Proceedings to confirm title. Duties of parties.*
   Under section 549, Code 1906, providing that the owner in possession, or out of possession, if there be no adverse possession, may file a bill in chancery to have his title confirmed, it is a fraud on

the court to falsely allege that there is no adverse possession, since it is the duty of the complainant to ascertain whether there is adverse possession, and if there is, he must proceed under section 550, Code 1906, to have such adverse claim cancelled, and if he fails to do so, a decree confirming title is void as to a party in adverse possession, who may have such decree cancelled.

3. Judgment. *Collateral attack.*
A suit to cancel a decree confirming title on account of fraud in securing it, is not a collateral attack.

4. Injunction. *Dissolution. Damages.*
Where damages on the dissolution of an injunction have been allowed in the lower court, damages may be allowed by the supreme court on appeal.

Appeal from the chancery court of Walthall county.

Hon. R. W. Cutrer, chancellor.

Bill by Brooks-Scanlon Company and others against H. T. Stoger. From a decree for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Dale & Rawls* and *Griffith & Wallace,* for appellant.

*L. W. Felder* and *B. F. Moak,* for appellee.

Ethridge, J., delivered the opinion of the court.

The Brooks-Scanlon Company, a corporation, filed its bill in the chancery court of Walthall county in 1915 against H. T. Stogner to confirm title to that company to the south one-half of southwest one-fourth section 15, township 1, range 12 E., and deraigned title through a series of conveyances back to the United States government, the United States having conveyed under the swamp land grant to the state of Mississippi, and the state of Mississippi, in 1883, conveying the land to another party, in a chain of title from whom, by a chain of title, appellant acquired a deed. In 1907 suit was filed in the chancery court by A. M. Chesbrough and others against all persons having a legal or equitable claim to the above lands. In said suit

publication was made, but no person was actually summoned. The bill to confirm in the suit of 1907 alleged that there was no adverse possession of the land, and no person in possession or claiming any title or rights was summoned, but the only process in said suit was the publication to all persons having any legal or equitable interest in the land. A decree *pro confesso* was taken on this publication and final decree entered confirming the title.

The defendant Stogner answered the bill in the present suit, stating that he was in possession of the land through himself and his chain of title since 1871, and that he was in possession at the time of the suit to confirm title in 1907; that he was not summoned or otherwise notified and had no knowledge of said suit filed in 1907 until he was summoned in the present suit. He set forth his chain of title and prayed for a cancellation of the complaint's title, and also the title of the Lumbermen's Mills Company to the said lands, making his answer a cross-bill for that purpose, and alleging that, in addition to his chain of title, he had been in the continuous, open, notorious, peaceable, and adverse possession, claiming against all persons whatsoever.

There was much testimony introduced by both parties upon the question of adverse possession; The proof introduced by each side tending to establish its contentions with reference to adverse possession. On this conflict in the evidence the chancellor found for the defendant, and, as the defendant had been enjoined from cutting timber and exercising rights of ownership during the suit, damages to the amount of one hundred and fifty dollars were allowed the defendant on the dissolution of the injunction, one hundred dollars of said amount being for attorneys' fees. There is a motion here for attorneys' fees in this court, with affidavit showing two hundred and fifty dollars as a reasonable fee.

The proof in this case on the part of the defendant and cross-complainant showed that he was in possession at the time of the suit to confirm title in 1907, and the chancellor accepted this proof over the proof of the complainant that there was no such possession. On this finding on the conflict of the testimony we are bound to treat the contention of the defendant as being true.

Section 549 of the Code provides, in reference to confirmation of titles, that the owner in possession of any land, or the owner thereof who may be out of possession, if there be no adverse occupancy thereof, may file a bill in the chancery court to have his title confirmed and quieted, and provides procedure for proceeding in confirmation. The allegation of the bill in the suit in 1907 to confirm title that there was no adverse possession was, on the finding of the chancellor in this case, untrue and false, and constituted a fraud on the court and on the rights of the defendant and cross-complainant in this suit. It is a duty of a person filing a bill under this statute to see whether or not there is an adverse possession, and if there is adverse possession in fact, the suit to confirm title does not lie, but the party will have to proceed under section 550 to have the claim of such person canceled, as the proceeding in this case in the present suit was intended to do. The decree in the suit in 1907 was void as to the defendant in possession, and he may have it canceled in a cross-bill, as he undertook to do, and did do, in this case. See *Gambrell Lumber Co.* v. *Saratoga Lumber Co.*, 87 Miss. 773, 40 So. 485.

This suit to cancel this judgement and other claims is not a collateral attack within the meaning of the law on that subject, but is a direct attack upon the judgment. We think the chancellor was warranted on the proof in finding as he did on the facts, and that the cancellation of the claims of the complainant was authorized and proper.

As to the question of damages in injunctions where dissolved and damages allowed, on appeal to this court

damages may be allowed here, the court has in previous cases held that fifty per cent of the fee allowed below is a reasonable allowance here, and the judgement of the court below is affirmed, and the appellee allowed fifty dollars attorney's fee for defending this appeal.

*Affirmed.*