42 So.2d 240

**MERCHANTS NAT. BANK OF MOBILE et al. v. MORRIS et al.**

**1 Div. 361.**

Supreme Court of Alabama.

Oct. 6, 1949.

McCorvey, Turner, Rogers, Johnstone & Adams, of Mobile, and J. B. Blackburn, of Bay Minette, for appellants.

568

Hubert Hall, of Bay Minette, for appellees.

FOSTER, Justice.

The questions on this appeal are primarily controlled by the legal effect of a decree of the circuit court, in equity, in reliance upon what is known as the Grove Act, which authorizes a proceeding in rem to clear up the title to land and which is now Article 2, Chapter 32, Title 7, Code of 1940, sections 1116 to 1132.

Appellants' predecessor was the complainant in that suit and appellants were plaintiffs in the instant suit, appealing from a verdict and judgment for defendants.

The decree in equity under the Grove Act, supra, was rendered October 10, 1927. It adjudged that Old Spanish Fort Development Company (appellants' predecessor in chain of title) is the true and lawful owner in fee simple of the tract of land in question, being part of a large tract all included in that suit, but which consists of four acres whose value is not shown or material. It quieted the title against all persons as to the entire acreage, including the four acres, claiming any title to, interest in, or lien on said lands or any part of them.

The chief defense interposed in the instant case was that at the time of the institution of the suit in equity, filed May 19, 1927, the tract of land was adversely held and owned by Josephine Alexander, or if she was then dead by her only child John Alexander who in 1941 sold it to defendants.

The evidence was that in 1874 by deed recorded in 1877, Augustus W. Sibley and wife deeded it to Margaret Francisco. The land was a part of the Alexis Trouillette grant. There is no evidence of the claim which Sibley had to it other than as recited in the bill in equity above referred to. Margaret Francisco and her husband Victor moved on it and lived there until after Margaret died, leaving one child Josephine who later married Alexander. Victor conveyed to Josephine in 1880. After Margaret's death Victor married Lydia Smith who had a daughter named Ecadore. Ecadore married Sam Burwell. Victor and Lydia lived on the land until Victor died prior to 1908. Sam, Ecadore and Lydia lived on it until 1915, when the house was destroyed by fire, in which Lydia lost her life. Sam and Ecadore then moved to a house near by on adjoining land, but continued to cultivate a small garden place and, as he says, was "holding under the Franciscos." He shows no agreement or possession by Josephine or John Alexander as tenant or otherwise. His wife was sometimes called a Francisco after her stepfather Victor. This was the status when the bill was filed to

quiet the title in 1927 by Old Spanish Fort Development Company against a large body of land including this four acre tract and all persons claiming any title to, interest in, lien or encumbrance on said land.

Plaintiffs in the instant case introduced as color of title a certified copy of the record of a deed from Ecadore Burwell to Agnes Lott dated October 9, 1925. This grantor is claimed to be the stepdaughter of Victor Francisco. Also as color of title a deed from Agnes Lott to Hirman Maynard dated October 17, 1925, duly recorded. Also as color of title a deed from Hiram Maynard to Old Spanish Fort Development Company dated April 8, 1926, duly recorded. Plaintiffs in the instant case claim by mesne conveyances from the Old Spanish Fort Development Company.

The bill in equity did not set up any claim to these four acres except as a part of a large tract which complainant bought and took possession of, claiming actual possession of the entire tract. There was no objection made to the introduction in evidence of the equity decree.

When a question arose as to making a party the heirs of Margaret Francisco, plaintiffs then offered in evidence the original bill and that part of it which alleged that when Augustus W. Sibley was the owner and in possession of the land he and his wife attempted to convey to Margaret Francisco the four acres here involved.

The court first sustained objection to the bill holding such was irrelevant. Later defendants withdrew the objection and the bill was offered and received in evidence for all purposes. The decree recited in detail the giving of the statutory notices. The bill contained the allegations sufficient to confer jurisdiction under the statute.

■ This proceeding is purely statutory and the Act confers upon the circuit court in equity a limited jurisdiction in which the statutory requirements must be made to appear on the record and be introduced in evidence as a support to the decree. Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Crimm v. Crimm, 211 Ala. 13, 99 So 301; Martin v. Martin, 173 Ala. 106, 111, 55 So. 632; Harbin v. Harbin,

249 Ala. 616, 32 So.2d 537; 8 Alabama Digest, Divorce, ☞57, Pocket Part, also ☞152.

But in Ex parte Griffith, 209 Ala. 158, 95 So. 551, the holding, as set forth in the third headnote, is as follows: "Where the facts recited by the decree of a court of special jurisdiction are necessary to the court's jurisdiction of the thing or of the person without which the court cannot proceed to a hearing, the recital in the decree is only prima facie evidence of the fact thus recited; but where jurisdiction has fully attached by the mere filing of a proper petition, as in proceedings in rem, or where the nature of the proceeding requires the court to ascertain a preliminary fact essential to its valid action, the recital of a finding of the necessary fact, if uncontradicted by the primary record in the proceeding, is conclusive on collateral attack."

■ If the decree does not make a recital of the finding of the fact of proper notice in a case of limited jurisdiction, the record must otherwise be sufficient to satisfy statutory requirements. Anthony v. Anthony, 221 Ala. 221, 128 So. 440; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Smith v. Smith, 247 Ala. 213(13), 23 So.2d 605; Phillips v. Ashworth, 220 Ala. 237(4), 124 So. 519.

■ But the recital in the decree as to the giving of such notice in a case in which the jurisdiction of the court over the subject matter was invoked by a petition sufficient to that end is conclusive on collateral attack of the giving of such notice unless contradicted by the primary record in the proceeding. Ex parte Griffith, supra.

■ When a judgment rendered by a domestic court of general jurisdiction acting within the scope of that jurisdiction is assailed collaterally every presumption is made in its favor as regards jurisdiction of the subject matter and person of the parties unless the contrary affirmatively appears on the face of the record. The judgment only need be offered in evidence. Louisville & Nashville R. Co. v. Tally, 203 Ala. 370, 83 So. 114. But this principle does not apply to a court of general jurisdiction acting in a matter of special and

limited power. More than the judgment is necessary to be introduced in evidence.

■■ There was not introduced on the trial of this case any part of the record of the primary case in respect to notice, so that the recitals in the decree in that case are conclusive on this appeal that such notice was given, since this is a collateral attack, even though the court was acting on a matter of which it had only limited jurisdiction. In the primary case, the bill must be sufficient to invoke the jurisdiction of the court by alleging the facts required by the statute to that end. Ex parte Griffith, supra; Cogburn v. Callier, 213 Ala. 46, 104 So. 330(6); Craig v. Root, 247 Ala. 479(10, 11), 25 So.2d 147.

■ But when the jurisdiction of the court is invoked by a sufficient petition, and the record shows the giving of statutory notice, or the decree so recites, not disputed by other parts of the record, the decree is conclusive on collateral attack and cannot be so assailed by proving an absence of the matter on which jurisdiction depends. Quick v. McDonald, 214 Ala. 587, 108 So. 529; Williams v. Overcast, 229 Ala. 119, 155 So. 543. This can be done only in a direct proceeding in the nature of a bill of review. Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Quick v. McDonald, supra; Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33; Bolden v. Sloss Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Anderson v. Anderson, 250 Ala. 427, 34 So.2d 585,—or sometimes under the four months statute.

Defendants insist that an absence of adverse possession on the part of any one, other than complainant, is essential to the jurisdiction of the court. And that if the evidence shows in the instant case that the land was adversely held when the suit was begun and tried, the decree was void though the bill alleges an absence of actual possession by any one, other than complainant, and the actual peaceable possession by complainant. It is true that on the trial of such an equity suit, if a party defendant or an intervenor shows such adverse possession and complainant does not base its claim on a purely equitable title or right, that would be a good

defense. Miller v. Gaston, 212 Ala. 519, 103 So. 541; Sisson v. Swift, 243 Ala. 289, 9 So.2d 891.

■ But on the authorities stated above, in a statutory proceeding in an Alabama court if the bill or petition contains the jurisdictional allegations and the record shows compliance with its requirements, a decree in proper form is not subject to collateral attack because the bill falsely alleges the existence of jurisdictional matter. One cannot collaterally attack a domestic judgment valid on the face of the record. Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Louisville & Nashville R. Co. v. Tally, supra; Cobbs v. Norville, 227 Ala. 621, 151 So. 576. But he is confined to a direct attack, sometimes by a suit in equity in the nature of a bill of review.

Exception was taken to that part of the oral charge in which the court stated "when a suit is brought to quiet title to land, if there is a person at the time of the filing of the suit and rendition of the decree in the open, notorious, adverse, hostile possession of land or any part thereof, claiming to own the same as his own, and that person so in possession is not a party defendant, then the decree is not binding and operative against the person so in possession and claiming to own the land as his own."

Given charge 6 (assignment of error No. 7) makes direct application of that principle to this case.

■ In the primary case the bill in equity contained all the statutory allegations to confer jurisdiction. The decree adjudged that they existed. The charge of the court, referred to above, permitted a collateral impeachment of that decree on finding an adverse possession as stated in the oral charge and in charge No. 6. By statute the decree has binding effect on persons not parties, if all the requirements are observed. Section 1127, Title 7, Code. The statutory remedy, section 1128, Title 7, Code, or one in equity in the nature of a bill of review for fraud, is available. Brooks-Scanlon Co. v. Stogner, 114 Miss. 736, 75 So. 596; Martin v. State, 244 Ala. 323, 13 So.2d 206.

Moreover, the evidence in the instant case does not show that anyone was in adverse possession of the land when the bill was filed and decree rendered. The house was burned in 1915, Lydia and Sam Burwell and wife Ecadore (daughter of Lydia, but having no claim to the land) were then (1915) living on it. Josephine was the only one of the Franciscos having color of title or color of right to claim ownership. She moved away prior to 1908 and married Alexander (record page 176). Sam and wife moved off in 1915, but tended a garden until 1930. They had no claim and asserted none before or after they moved off. None of the Franciscos had any possession claiming title. Josephine alone had color of title by inheritance. Sam's statement that he held under the Franciscos has no probative effect. They show no possession nor the assertion of claim at the time the bill was filed. Sam Burwell showed no legal right under their claim and asserted none for himself or Ecadore, his wife, and moved entirely away in 1930.

We think that the quoted part of the oral charge and charge No. 6 should not have been given.

We also think that there was no basis for a finding of adverse possession sufficient to ripen into title in defendants or those under whom they claim for any period of ten years accruing subsequent to the equity decree.

The short statute of limitations has no application. Section 295, Title 51, Code. Benefit of it is sought by appellants. The sale was on an assessment to Old Spanish Fort Development Company. A claimant of land cannot allow the land sold for taxes assessed to him and buy it in either at the sale or from the State, or redeem it and hold it for three years and claim title under that statute against one not a party to the assessment or sale. Miller v. Cook, ante, p. 564, 42 So.2d 239; Scott v. Brown, 106 Ala. 604, 610-611, 17 So. 731.

We think the affirmative charge was due appellants as requested.

Reversed and remanded.

BROWN, LAWSON and SIMPSON, JJ., concur.