42 So.2d 239

**MILLER v. COOK.**

3 Div. 540.

Supreme Court of Alabama.

Oct. 6, 1949.

E. O. Baldwin, of Andalusia, for appellant.

SIMPSON, Justice.

Sammie Miller, the defendant in a statutory action in ejectment wherein Cook (appellee) sued for the recovery of a certain tract of land, brings this appeal from a judgment rendered against him for the lands sued for.

The land was sold for taxes in 1932 on an assessment against the estate of Sam Miller, deceased (presumably appellant's father), and in 1933 the appellant redeemed the property from this tax sale. It is on this title that he rests his defense to the ejectment suit as against the title of appellee, who is a sub-purchaser from a purchaser of the property under a duly foreclosed mortgage, executed by the elder Miller and another.

Appellant, when the suit was filed, had remained in possession and had assessed and paid the taxes on the property for more than three years from the time the purchaser would have been entitled to a deed under said tax sale, and it is his contention that he has acquired the full title thereto under the short statute of limitations which, as material, provides that "no action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor" etc. Code 1940, Title 51, § 295.

The fallacy of this contention is manifest. Other considerations aside, the appellant was not a purchaser at a tax sale but merely redeemed from a sale to satisfy the taxes which he himself should have

paid if he had wished to save his property from such sale.

Of such import is the case of Scott v. Brown, 106 Ala. 604, 610-611, 17 So. 731, 732, where, in considering the pertinent provision (606) of the 1886 Code, it was observed: "Section 606 of the Code, which declares that 'no action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor,' etc., has no application when the owner of the lands, whose duty it was to pay the taxes, allows them to be sold for taxes, and afterwards redeems them. By his redemption he is merely restored and reinstated to his former position and rights."

The trial court correctly adjudged that the defendant, Miller, had failed to establish a superior title to that of Cook, the record owner.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.