60 So.2d 684

**Ex parte MERCHANTS NAT. BANK OF MOBILE et al.**

1 Div. 464.

Supreme Court of Alabama.

Oct. 9, 1952.

Hubert M. Hall, Bay Minette, for respondent.

J. B. Blackburn, Bay Minette, and McCorvey, Turner, Rogers, Johnstone & Adams, Mobile, for petitioner.

664

FOSTER, Justice.

This is an original petition addressed to this Court for a writ of mandamus to the Judge of the Circuit Court of Baldwin County, Alabama, commanding him to vacate and set aside an order which he made transferring to the jury docket for trial by jury a certain cause therein pending, wherein petitioners are the plaintiffs and James Morris and Leon Morris are the defendants, whereby the plaintiffs sued at law to recover certain described land.

The facts with respect to the right to have the writ of mandamus issue as prayed for are not disputed.

At the time of the institution of the suit the plaintiffs endorsed on the summons and complaint a demand for trial by jury. The case was tried by the court with a jury, resulting in a judgment. An appeal was taken to this Court and on that appeal the judgment was reversed and the cause remanded for another trial. Merchants National Bank v. Morris, 252 Ala. 566, 42 So.2d 240.

After the cause was reversed and remanded, and at a regular jury term of the Circuit Court of Baldwin County, the plaintiffs withdrew their demand for a jury trial in said cause. The defendants, acting by and through their attorneys in open court, consented for said jury trial to be withdrawn. It does not appear that said consent was in writing but an entry was made to that effect by the judge on the trial docket, on the basis of which a minute entry was made in the following language: "Came the parties by their attorneys and the plaintiffs, with the consent of the defendants, withdrew their demand for a jury trial of this cause. It is therefore ordered and adjudged by the court retransfer said cause from the nonjury docket of this court and continued." At a later date the defendants made a motion to retransfer said cause from the non-jury docket of said court to the jury docket. This motion was granted by the court and an order was made retransferring said cause from the nonjury to the jury docket.

The purpose of this proceeding is to review the ruling of the trial court in making said transfer to the jury docket as stated above. The first question presented for consideration in that connection is the right of petitioners to have said ruling reviewed by writ of mandamus. It has been the custom of this Court to grant such a mandamus for that purpose with respect to interlocutory orders and judgments of the court as to which an adequate remedy is not available on appeal. This procedure has been made use of in respect to the transfer of causes from the law side to the equity side of the court and *vice versa.* Code Title 13, sections 149–156; Edge v. Bonner, ante, p. 385, 59 So.2d 683; Ballentine v. Bradley, 236 Ala. 326, 182 So. 399.

■ It is provided by section 260, Title 7, Code, that all civil actions at law shall be *tried and determined* by the court without a jury, unless a demand therefor is made as required by its terms. In section 265, Title 7, Code, it is provided that a party demanding a trial by jury shall not have a right to withdraw such demand without the consent of the opposite party. The rights of the parties secured by those statutory provisions are subject to enforcement by mandamus in view of the fact that as a rule there would not be an adequate remedy by appeal from the final judgment. Ex parte, Ansley, 107 Ala. 613, 18 So. 242; Knight v. Farrell & Reynolds, 113 Ala. 258, 20 So. 974; 55 C.J.S., Mandamus, § 93, page 151.

The withdrawal of the demand by the plaintiffs was made in open court and the defendants' counsel in open court consented to the same. We think the right of petitioners to the writ of mandamus as prayed for depends upon the effect of the consent given by defendants' counsel to the withdrawal by plaintiffs of the demand for a jury trial.

It is provided in Title 46, section 46, Code, that an attorney has authority to bind his client in any action or proceeding by an agreement in relation to the cause made in writing or by an entry made on the minutes of the court. Senn v. Joseph, 106 Ala. 454, 17 So. 543; Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150 So. 180.

This agreement on the part of defendants' counsel for plaintiffs to withdraw their demand for a trial by jury was not in writing, but an entry thereof was made on the minutes of the court, as we have shown. We have no difficulty, therefore, in holding that the consent given by defendants' counsel to withdraw the plaintiffs' demand for a jury complied with the provision of Title 46, section 46, Code.

Since the adoption of the law as set forth in section 260, Title 7, Code, the right to a trial by jury in civil cases is fixed for that cause throughout its progress to a final judgment, and is not just for the particular setting of the case at a time when the requirements of such statute are complied with. The old rule, therefore, in respect to an agreement waiving a jury trial, applicable only to that trial, has no application to the present statute. We are referring now particularly to the case of Martin v. King, 72 Ala. 354.

Of course it is true, as indicated by section 265, Title 7, Code, that such status as to a jury trial which has been fixed under section 260, supra, may be changed by mutual agreement of parties entered into in such manner and form as to bind them.

Since we have come to the conclusion that the record shows that the demand for a jury trial was withdrawn by such an agreement as is authorized by section 265, supra, the provision for trial without a jury required by section 260, supra, comes into being and there is nothing in the way of granting the writ of mandamus as prayed for.

We think it unnecessary to discuss other contentions made by respondent for they do not seem to go to the merits of the controversy.

It is therefore ordered that the peremptory writ of mandamus issue as prayed for.

Writ of mandamus awarded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.