103 So.2d 310

**James MORRIS et al.**

v.

**The MERCHANTS NATIONAL BANK OF MOBILE, as Trustee, et al.**

**I Div. 754.**

Supreme Court of Alabama.

May 22, 1958.

Rehearing Denied June 12, 1958.

sulted in a jury verdict for defendants. We reversed on the ground that defendants in that suit were permitted to attack collaterally a decree in equity in 1927 involving the same lands. 252 Ala. 566, 42 So.2d 240.

The cause was again here on petition for writ of mandamus to vacate an order transferring the cause to the jury docket after the parties had consented to a trial without a jury. The writ was awarded. 257 Ala. 663, 60 So.2d 684.

The second trial before the court without a jury resulted in a judgment for plaintiffs. After motion for a new trial was overruled, the present appeal was taken.

The controversy is over four acres of more or less "wild" land in Section 38, Township 4 South, Range 1 East, in Baldwin County.

The main question argued by appellants is that the trial court should have allowed them to impeach and show to be void a decree of the equity court of Baldwin County in 1927 quieting title to said Section 38 in Old Spanish Fort Development Company, under whom, by mesne conveyances, appellees claim title. We consider that question was settled in Merchants Nat. Bank of Mobile v. Morris, 252 Ala. 566, 42 So.2d 240, 243, where we held that the bill in equity in the 1927 suit "contained all the statutory allegations to confer jurisdiction" and the "decree adjudged that they existed"; that "by statute the decree has binding effect on persons not parties, if all the requirements are observed"; Tit. 7, § 1127, Code 1940; that "one cannot collaterally attack a domestic judgment valid on the face of the record" but "he is confined to a direct attack, sometimes by a suit in equity in the nature of a bill of review", or "section 1128, Title 7, Code," or "sometimes under the four months statute"; that the trial court erred in giving a charge which had the effect of permitting the equity decree to be impeached, and that the appellants there, appellees here, were due the affirmative charge. We see no reason to depart from our holding in that case.

C. Le Noir Thompson and Beebe & Swearingen, Bay Minette, for appellants.

J. B. Blackburn, Bay Minette, and Mc-Corvey, Turner, Johnstone, Adams & May, Mobile for appellees.

MERRILL, Justice.

This cause has been before us twice. It is an ejectment suit and the first trial re-

**544.**

The bill in equity described, and contained as an exhibit, certain conveyances in the present appellants' chain of title and the decree specifically declared one of them to be void. It follows that the trial court correctly sustained objections to all the proffered evidence from the file of the equity case which tended to impeach the decree in that case, and correctly excluded evidence of conveyances in appellants' chain of title which were made prior to the 1927 decree and evidence tending to show adverse possession of persons in that chain of title prior to the 1927 decree. Merchants Nat. Bank of Mobile v. Morris, supra.

 Appellants also insist that they have shown title by adverse possession. In the opinion in the first case we observed —"Moreover, the evidence in the instant case does not show that anyone was in adverse possession of the land when the bill was filed and decree rendered." In the second trial, the appellants adduced evidence that their immediate predecessor in title, John Alexander, was in possession of the four acres in December, 1927, shortly after the date of the decree in the equity case and he and those holding under him had been in possession down to the date of the instant suit which was filed June 21, 1946. This produced a direct conflict in the testimony as to which party was in possession and the trial court resolved that conflict in favor of appellees. We cannot say the trial court was plainly wrong because there was considerable evidence to support his finding.

Moreover, there are other reasons why John Alexander could not claim adverse possession after the decree in 1927. The statute, Tit. 7, § 828, Code 1940, requires color of title and assessment of the land for taxes for ten years. Alexander had no color of title made after the 1927 decree and never listed the land for taxation. He could not claim title by descent cast as provided by the statute because he could point to no predecessor in title who was in possession of the property after the 1927 decree, or to a devise from a predecessor in title after that time.

Alexander's deed to appellants was executed and recorded in 1941. It could be no more than color of title. Since this suit was filed in 1946, appellants' possession was less than five years even if it be conceded that they were in the exclusive possession of the property. This does not meet the statutory requirements for adverse possession. Tit. 7, § 828.

Apart from the questions of law already discussed, only a question of fact was presented, and that was resolved by the trier of the facts in favor of appellees.

The lower court correctly overruled the motion for a new trial and the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.