199 So.2d 666

George E. FULLER et al.,
Successor Trustees,

v.

C. J. YANCEY et al.

1 Div. 211.

Supreme Court of Alabama.

June 16, 1966.

Rehearing Denied June 22, 1967.

J. B. Blackburn, Bay Minette, and Mc-Corvey, Turner, Johnstone, Adams & May, Mobile, for appellants.

Wilters & Brantley, Bay Minette, for appellees.

LIVINGSTON, Chief Justice.

This suit was filed in the Circuit Court of Baldwin County, Alabama, on the 31st day of December 1949, and is a statutory ejectment suit. Originally, the suit was filed by the Merchants National Bank of Mobile, a National Banking Association, as Trustee, and George E. Fuller and Patrice B. Fuller, as plaintiffs, against Claude J. Yancey and Ethel Yancey, defendants. After the suit was filed and before it was tried, the Merchants National Bank of Mobile, as Trustee, was removed and George E. Fuller and Patrice B. Fuller were appointed as successor trustees. They continued to prosecute this suit as successor trustees under Title 7, Sec. 81, Code of 1940. The complaint, as last amended in 1963, contained two counts: Count 1 embracing about 4 acres of land, Count 2 embracing about 60 acres of land. We will hereafter refer to the parties as plaintiffs and defendants as they appeared in the court below.

The defendants disclaimed as to a part of the land sued for in the complaint. The trial court entered a judgment as to the land disclaimed and it is no longer involved. As to the balance of the land sued for, the defendants entered a plea of the general issue. The case was tried before a jury who rendered a verdict for defendants, and upon which the trial court entered judgment. Plaintiffs here seek review of certain alleged errors, as pointed out by appropriate assignments of error occurring in the trial of the cause.

As somewhat of a background to the present litigation, we note that on October 10, 1927, the equity court of Baldwin County, Alabama, rendered a decree quieting title in Old Spanish Fort Development Company to certain-described lands in Baldwin County, Alabama. This decree is referred to in both briefs as being rendered in Case No. 666 (the case number given to the case by the equity court of Baldwin County, Ala-

bama). We will hereafter sometimes refer to this as Case No. 666. The decree in Case No. 666 has been before this Court on several prior occasions. Merchants National Bank of Mobile v. Morris, 252 Ala. 566, 42 So.2d 240; Morris v. Merchants National Bank of Mobile, 267 Ala. 542, 543, 103 So.2d 310; Merchants National Bank of Mobile v. Morris, 273 Ala. 117, 136 So.2d 193. See also Morris v. Yancey, 266 Ala. 54, 94 So.2d 195; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553.

■ As above stated, the defendants in the court below entered a plea of the general issue, which admitted possession by the defendants when suit was filed of the area described in the two counts of the complaint as amended; it denied title and plaintiffs' right of possession. Secs. 938–941, Title 7, Code 1940; Wetzel v. Hobbs, 247 Ala. 659, 25 So.2d 850.

■ The trial court, in its oral charge to the jury, instructed the jury that plaintiffs had connected their title to the land, the subject matter of this suit, with the final decree rendered in Case No. 666. The trial court instructed the jury that plaintiffs had traced their title "back to that final decree, which decree quieted title in the Old Spanish Fort Development Company. In that connection, there is a legal presumption of possession, which follows that title, which is based on conveyances to the present owner. You have heard all the testimony to the Plaintiffs' title, and I submit to you that he has met the burden of proof that the law casts upon him in introducing all of the deeds of records connecting himself with this decree referred to—the final decree quieting the title in the Old Spanish Fort Development Company."

There was no exception to that portion of the oral charge quoted above and no cross assignments of error challenging the correctness of the oral charge. We conclude, therefore, that the trial court was free from error in so charging the jury as to the legal status of plaintiffs' alleged title.

As we view the record here on appeal, the jury was called on to determine, from the pleading and evidence, whether or not defendants acquired title to the land by possession of the same for a prescriptive period, namely 20 years or longer. As we view the record, defendants in no way connected themselves with any documentary title or color of title since the final decree in 1927, before mentioned. The defendants contend that since said decree they have possessively occupied the land described in the complaint, and by such occupancy for more than 20 years have acquired title to the area here in litigation; and, as we view the record, that is the only issue involved on this appeal.

■ We have held that when the land has never been occupied in the true sense, the possession is constructive and follows the title, since no one was in actual possession. Tensaw Land and Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411.

■ Part of the land here involved, the 4 acres described in Count 1, is a high spot and suitable for limited cultivation and physical occupancy. The evidence as to the actual possession by defendants was quite lengthy. The high part of the land, namely the 4 acres, was used as a home place by defendants, with a garden and some buildings. The remainder of the land described in Count 2, as above stated, was wild, and in part subject to overflow.

Evidence was offered on behalf of the defendants that they had placed signs throughout the entire area warning against trespassing and hunting; that they cut timber and pilings on occasions, from 1927 to date of the suit 1949, or authorized the same to be done on all parts of the acreage here involved; that Claude Yancey had given hunting permits, and he and his wife endeavored to keep persons off the property who had not secured hunting permits. The evidence also shows that defendants had kept cows and hogs on the area of the land described in both Counts of the complaint;

that they collected rents for buildings on the home-4 acres, or high lands. But we do not attempt to detail all of the acts of the defendants tending to prove possession of the 60 acres, as well as the 4 acres, for the prescriptive period of 20 years. Suffice it to say, it appears from defendants' evidence that for more than 20 years (1927–1949) defendants have been in possession continuously of both tracts without any recognition of either the plaintiffs' rights or title or that of their predecessors in title, or, at least, there is evidence tending to fully support that contention.

As was said in Kidd v. Borum, 181 Ala. 144, 61 So. 100, 106:

"* * * This court has repeatedly held that the lapse of 20 years, without recognition of adversary right, or admission of liability, operates an absolute rule of repose. * * *"

We also held in Morris v. Yancey, 267 Ala. 657, 104 So.2d 553:

"* * * We observe here that § 828 (Adverse Possession), Title 7, Code 1940, does not apply to the prescriptive period of twenty years. Walker v. Coley, 264 Ala. 492, 88 So.2d 868."

In Morris v. Yancey, supra, we quoted with approval from Stearnes v. Woodall, 218 Ala. 128, 117 So. 643, where it is said:

"'In this respect the elements on which the doctrine of prescription is applied differ from those of adverse possession. In the first there must be an individual, continuous possession of user, without the recognition of adverse rights, for a period of 20 years, and upon the establishment of such claim and user, the law presumes the existence of all the necessary elements of adverse possession of title without fuller proof, while under a mere claim of adverse possession through the period prescribed by the statute of limitations no such presumption prevails, and all the elements must be established by

him who asserts such possession or title.'" (citing cases.)

We also observed in Morris v. Yancey, supra:

"In regard to the evidence of the defendant going to show possession of the entire section, we observe that the kind of possession is determined by the condition of the land, not with reference to its being changed into another state, but its then present state. Openness, notoriety and exclusiveness are shown by acts which at the time, considering the state of the land, comport with ownership such as would ordinarily be done by an owner for his own use and for the exclusion of others. Kidd v. Browne [200 Ala. 299, 76 So. 65], supra."

■ The kind of possession, as we have observed, is determined by the condition of the land, not with reference to its being changed into another state, but its then present state. Here, a large part was swamp and overflow land unsuitable for cultivation, and unavailable to possessory acts that would apply to lands of a different character and surface conditions, or of a different topography. Kidd v. Browne, 200 Ala. 299, 76 So. 65.

■ It appears from the evidence that defendants treated the land in every respect as the owners thereof, or at least the jury could have so found from the evidence. This evidence tended to show openness, notoriety, and exclusiveness by acts which at the time, between 1927–49, could, considering the state of land, comport with ownership, such as would ordinarily be done by an owner for his own use to the exclusion of others.

Assignment of Error No. 1 is based on the trial court's refusal to give the affirmative charge with hypothesis as to Count 2 of the complaint. From what we have already said, Assignment of Error No. 1 is without merit.

Assignment of Error No. 2 has been waived.

■ Assignment of Error No. 3 charges that the trial court committed prejudicial error in permitting defendants, over plaintiffs' objection, to introduce a supplemental plat of Section 44, Township 4 South, Ranges 1 and 2 East, recorded in the office of the Probate Judge of Baldwin County, Alabama, in December 1951, which was two years after the instant suit was filed. The contention of plaintiffs is that they have demanded an abstract of title to the lands here involved upon which the defendants would rely to sustain their title. The defendants answered that they would not offer any paper title to support their claim, but would rely on adverse possession, prescription and repose in establishing their title.

Plaintiffs complain that the introduction in evidence of said plat (1) tended to confuse the jury as to the location of the land sued for; (2) defendants did not furnish an abstract of title; (3) that the plat tended to show title in the third party by defendants who did not have color of title, citing Lathem v. Lee, 249 Ala. 532, 32 So.2d 211.

Defendants' answer is that "the plat was admissible to show that the land here involved is not a part of the land included in the bill to quiet title in Case No. 666, and was admitted for that purpose."

We think that in view of the trial court's oral charge to the jury that the land embraced in the amended complaint was included in the bill to quiet title in Case No. 666, the admission of the plat, if error, which we do not decide, was error without injury. Amended Supreme Court Rule 45, Title 7, Appendix.

Assignment of Error No. 4. Plaintiffs complain that the trial court erred in overruling plaintiffs' objection to the introduction in evidence of defendants' Exhibit No. 4, as certified copy of the plat of Township 4 South, Ranges 1 and 2 East, recorded in the Probate Office of Baldwin County.

Admittedly, Assignment of Error No. 4 is based on the same objections made to Assignment of Error No. 3, and what we have said above in disposing of Assignment of Error No. 3 also applies to Assignment of Error No. 4, and there is no merit in Assignment of Error No. 4.

■ Assignment of Error No. 5 is based on plaintiffs' objection to the following question:

"Since that time has Claude Yancey or anyone else gone on the land except by Claude Yancey's permission?"

The question called for a statement of fact and not a mental operation. There was no error in overruling the objection of plaintiffs.

Assignments of Error 6 to 16, inclusive. We have carefully examined each of these assignments of error and are clear to the conclusion that no reversible error appears in either of them, and feel that separate responses thereto would unduly extend this opinion.

As to Assignment of Error No. 16, supra, see Kidd v. Browne, supra.

■ Assignment of Error No. 17. As we see the issues in this case, and as above indicated, the defendants did not rely upon statutory adverse possession (Title 7, Sec. 828, Code 1940), but upon the rule of repose for a period of 20 years or more. Assignment of Error No. 17 is based on the giving of Charge 9, which is as follows:

"9. Adverse possession for statutory period ripens into title, divesting title of former owner, and, when once perfected, lapse of possession does not defect (sic) such title."

The giving of this charge, although unnecessary to the issues in the case, was not prejudicial to the plaintiffs and did not constitute reversible error. Rule 45, Amended Rules of the Supreme Court, Title 7, Code 1940, Appendix.

■ Assignment of Error No. 18 is based on the giving of Charge No. 10, as follows:

"10. Under the doctrine of prescription, if there is an individual, continuous possession of user, without recognition of adverse rights, for a period of twenty years the law presumes all the existence of all the necessary elements of adverse possession."

We think Charge No. 10, stated, in the abstract, a correct principle of law and was not so misleading as to constitute reversible error. The trial court did not err to a reversal in giving this charge. Marbury Lumber Co. v. Westbrook, 121 Ala. 179, 25 So. 914; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553.

■ Assignment of Error No. 19 is based on the giving of Charge No. 17, as follows:

"17. The Court charges the jury that if you believe that Claude Yancey has been in the continuous possession of the land sued for without recognition of adverse rights for a period of twenty years prior to the time this suit was filed against him, this establishes title in him and you must find for the defendant."

Complaint is made of the omission of the words "from the evidence" in said charge.

This omission did not constitute error to reverse. Johnson v. State, 257 Ala. 644, 60 So.2d 818, and cases therein cited.

■ Assignment of Error No. 20 is based on the giving of written Charge 21, as follows:

"21. Where parties have been in the actual, open, notorious, adverse possession of realty for more than 20 years, the court under the doctrine of prescription will presume for the repose of society any state of the title in order to maintain a status of parties and property so long allowed to remain undisturbed."

While the charge does not modify the word "possession," with the adjective "continuous," such omission, in the light of written Charge No. 17, given at defendants' request, and of the oral charge of the trial court, does not render the charge so prejudicial as to make the same error to reverse. Rule 45 Amended Rules of the Supreme Court, Title 7, Code 1940, Appendix.

■ A motion for a new trial was overruled. Plaintiffs do not assign this ruling as error. However, we have held on numerous appeals that verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized, or more rigidly limited than that a verdict is against the evidence, and where the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Smith v. Smith, 254 Ala. 404, 48 So.2d 546; 2a Ala. Dig., Appeal and Error, ☞ No. 1005. Here, the evidence adduced as to the defendants' possession of the tracts described in both counts of the complaint, for a period of 20 years, presented a jury question that was decided adversely to plaintiffs.

We are clear to the conclusion that the verdict of the jury and the judgment rendered thereon should be sustained as against all of the assignments of error argued in briefs.

Affirmed.

GOODWYN, MERRILL and HARWOOD, JJ., concur.