RICHARD L. HOLMES, Retired Appellate Judge.
In May 1994 Gayle Properties, Inc. (Gayle Properties), and Gayle S. Saxon (Gayle) (plaintiffs -will be collectively referred to as Gayle Properties) filed a complaint against numerous defendants, including Joseph R. Saxon, Gayle’s ex-husband (Joseph); Chris W. Saxon, Joseph’s son (Chris); Edgar L. Cocoran, a notary public; and seven business entities owned by Joseph and/or Chris.
The complaint alleged that the defendants were slandering the title that Gayle Properties held to certain named properties. The complaint sought the following: a declaratory judgment of the title and rights to three parcels of real estate, a monetary judgment against Cocoran as damages for fraudulently executing the acknowledgments that appear on certain warranty deeds, and a monetary judgment against the defendants for slander of title.
Chris and three of the seven business entities named as defendants filed an answer and a counterclaim, alleging that Gayle and Gayle Properties had slandered the title that Chris and the business entities held to these properties. The counterclaim requested that the trial court award monetary damages for slander of title. Cocoran also filed an answer, denying the allegations of the complaint.
The trial court entered a consent judgment against Joseph. The trial court also entered default judgments against four of the seven business entities named as defendants. The case proceeded to trial against the remaining defendants.
After the trial the trial court issued a 21-page order, finding that, in light of the evidence presented, Gayle Properties was the owner of the Florida condominium, the Ens-ley property, and the Oxmoor leasehold. The trial court denied the requests for monetary damages.
Chris and Southeastern Realty & Mortgage Inc. (Southeastern), one of the business entities named as a defendant (hereinafter referred to collectively as Chris), appeal. This ease is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal Chris contends that the trial court was without subject matter juris-. diction to enter an order affecting the ownership of property located outside of the state of Alabama. We would note that in its order, the trial court stated the following, in pertinent part:
“The first issue to be addressed is whether this court has jurisdiction to determine ‘ownership’ of property located in Florida. Generally, a state court does not have subject matter jurisdiction over real property located in another state. Even though this property is located in Florida, this court has personal jurisdiction of all of the parties claiming an interest in it. Therefore, this court has subject matter jurisdiction to determine the rights of the parties to this litigation. This court must apply Florida law in determining the rights of the parties in the Florida property.”
(Citations omitted.)
In Stratum v. Coffee, 235 Ala. 218, 222-23, 178 So. 430, 433-34 (1938), our supreme court stated the following, in pertinent part:
“It is well settled here, as elsewhere, that the rights and equities of citizens of Alabama in properties wherever located or under whatever laws acquired will be protected by the courts of Alabama when this may be accomplished through process in personam on adverse parties within our jurisdiction; no foreign court having taken jurisdiction over the subject matter and the parties for the determination of such rights and equities.
[[Image here]]
“The courts of one state are frequently called upon to ascertain the substantive law of another state governing contracts and property rights, and to enforce same according to the remedial processes of the law of the forum.”
(Citations omitted.)
As this court stated in Hudson v. Hudson, 494 So.2d 664, 666 (Ala.Civ.App.1986), which was a divorce case:
“It is correct that the courts of this state are without power to transfer property in another state. However, a court, with in *290 personam jurisdiction of the party who holds title, may order the party to execute a conveyance of the property.”
(Citations omitted.)
In the first paragraph of its order, the trial court stated the following:
“This litigation is part of the continuing fall-out from the failure of the marriage of [Gayle] and [Joseph], The Saxons were married irom December 7, 1980, until a final judgment of divorce was rendered by the Domestic Relations Division of this court on April 4, 1994. [Joseph] and [Gayle] each had children from prior marriages, but none from their marriage to each other. Unfortunately, the divorce decree did not address the properties which are in dispute in this litigation, but simply stated that all property in each party’s name would be that party’s sole property.
“This lawsuit was filed on May 6,1994, a month after the divorce.”
As previously noted, this was a declaratory judgment action. Gayle Properties alleged in its complaint that on February 3, 1982, Crystal Petroleum Company, Inc., one of the business entities named as a defendant (Crystal Petroleum), assigned the sublease of its Florida condominium unit to Gayle Properties. The complaint further alleged that Joseph failed to record the title documents to the condominium unit and that the documents were not recorded until April 19,1994, when Gayle discovered that the documents had not been recorded.
The complaint also alleged that when Gayle and Joseph began having marital problems in 1993, Joseph executed a document purporting to assign Crystal Petroleum’s sublease of the Florida condominium unit to Saxon Petroleum, Inc., another of the business entities named as a defendant (Saxon Petroleum). Gayle Properties asserted in its complaint that Joseph backdated to June 7, 1981, the document assigning the condominium unit to Saxon Petroleum. The complaint stated that this document was initially recorded on July 1, 1993, and was later rerecorded on April 11,1994.
The trial court found that the preponderance of the evidence demonstrated that Crystal Petroleum’s assignment of its sublease to Saxon Petroleum, dated June 7, 1981, was, in fact, prepared and executed long after the February 3, 1982, assignment from Crystal Petroleum to Gayle Properties. The trial court also found that because Joseph was in control of the various business entities involved in this transaction, Saxon Petroleum was hardly an “innocent purchaser for value.”
The trial court determined that in light of Florida law and all the evidence presented, Gayle Properties was the owner of the leasehold for the Florida condominium unit. In this case the trial court, using Florida law, determined that the rights that Gayle Properties held in the Florida condominium unit were superior to the defendants’ rights. In light of the above, we find that the trial court had personal jurisdiction of all of the parties claiming an interest in the condominium and, thus, did have jurisdiction to make the determination that the rights that Gayle Properties held in the Florida condominium were superior to the defendants’ rights.
The final two issues relate to the trial court’s findings regarding the Ensley property and the Oxmoor leasehold. Chris contends that the trial court committed reversible error when it determined that Gayle Properties, not Chris and Southeastern Realty, own the Ensley property. Chris also contends that the trial court committed reversible error when it determined that Gayle Properties was the present owner of the Oxmoor leasehold. Both of these issues deal primarily with evidentiary matters.
Initially, we would note that in a non-jury case, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on those findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
We have reviewed the record on appeal. Suffice it to say that there was conflicting evidence presented in this case. However, it is the responsibility of the trial judge to *291 listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
Specifically, the trial court found that the deeds under which Chris claimed ownership of the Ensley property in his answer and counterclaim were forgeries. Additionally, the trial court, relying upon Miller v. Cook, 252 Ala. 564, 42 So.2d 239 (1949), found that Chris’s redemption of the Ensley property did not give Chris a title superior to that of Gayle Properties. The trial court determined that in 1988, either Joseph or Chris began receiving the rents and paying the expenses for the Ensley property. The trial court also determined that the redemption of the property was pursuant to a July 6, 1994, consent order issued by the trial court.
With regard to the Oxmoor leasehold, the trial court found that Gayle Properties had shown by clear and convincing evidence the existence and terms of a written sublease from Willis Oil Company, Inc., one of the business entities named as a defendant (Willis Oil), to Gayle Properties. Additionally, the trial court found that an assignment of the lease for the Oxmoor property from Willis Oil to U.S.A. Oil was backdated and forged.
In his brief Chris argues the following, in pertinent part:
“The only actual testimony relating directly to the ownership of the Oxmoor property comes from the parties involved in this cause of action. Although each ' party provided testimony which was beneficial to their relative positions in this matter, it would be very difficult for the court to give substantial weight to that testimony as it is self-serving and biased.”
However, as previously noted, it is the responsibility of the trial judge to listen to the 'evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson, 597 So.2d 699.
In light of the foregoing, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., not sitting.