## WALLACE vs. WALLACE.

A defendant obtained from a county judge upon affidavit, (before the time for answering had expired), an order extending the time to answer for the further period of twenty days, and before that time expired, obtained from the same judge, upon another affidavit, an order enlarging the time twenty days longer. *Held,* that the judge had power thus to enlarge the time allowed by his first order, and that a judgment entered by the plaintiff for want of an answer, at the expiration of the twenty days allowed by the first order, should have been vacated on the motion of the defendant.

Copies of the orders and affidavits in such cases are properly served by depositing them postpaid in the post office of the place where the attorney of the de-

fendant resides, addressed to the attorney of the plaintiff at his place of residence.

Orders to stay proceedings, and orders to extend the time in which a particular act or proceeding is to take place, are not synonymous.

An order *staying* proceedings puts an end to all progress in the action, and no step can be lawfully taken during its continuance.

But after an order enlarging the time within which a particular act may be done, the parties may lawfully take any step not dependent upon or connected with the order.

APPEAL from the Circuit Court for *Jefferson* County. The case is stated in the opinion of the court.

*Enos & Hall*, for appellant:

1. The orders were duly served under secs. 37 and 38, chap. 140, R. S. The service was good, whether the copies reached the respondent's attorney or not. Howard's Code, 632; 4 How., 246, 322; 1 id., 152; 3 id., 67; 5 id., 238; 1 Barb., 711. 2. Under sec. 32 of chap. 140, R. S., the county judge could enlarge the time to answer for more than twenty days. *Wilcox vs. Clarke*, 1 Code R., 96. See also 3 How., 400; note E to sec. 405, Voorhies' Code. The restriction to twenty days in sec. 29 applies to cases in which the right to some particular proceeding has already been acquired by one party, and the other applies for a stay of proceedings that he may seek some ulterior relief. 8 How., 349; 6 id., 367; Howard's Code, 624.

*Weymouth & Thorn*, for respondent:

The statute (R. S., ch. 140, sec. 32), does not give a judge power to extend his own time, but "the time allowed by law." 2. By sec. 29 the county judge, without notice, could only extend the time twenty days; and he could not do by two orders what he was not allowed to do by one. *Chubbuck vs. Morrison*, 6 How., 367; *Sales vs. Woodin*, 8 id., 349; *Bangs vs. Selden*, 13 id., 374; 2 Sandf., 703; 5 id., 659; 2 Code Rep., 76. 3. There is no appeal from an order denying a motion to set aside a judgment for irregularity; and an appeal from the judgment does not bring up the order, but only the question of the regularity of the judgment itself, as shown by the record in the court below.

*By the Court*, DIXON, C. J. The question involved in this case is almost identical with that involved in *Howard vs.*

January 2.

*Boorman,* already decided. The action is upon a promissory note. Before the time for answering expired, the appellant, upon affidavit stating that he had a good and substantial defense as he was advised by counsel, after a full and fair statement of the case to them, and that in order to perfect his answer it was necessary for him to obtain information from some persons residing in the state of Vermont, which he could not do before the time then limited would expire, asked and procured from the county judge an order extending the time for the further period of twenty days. The order, with a copy of the affidavit, was properly served. He failed to procure the desired information within the time as thus extended, and just before its expiration again applied to the same officer upon a like affidavit, to which was added a statement that after due diligence he had been unable to get the requisite information, but that with a further extension of twenty days he believed he should be able to procure it. The time was again enlarged, and the order and affidavit duly served. At the expiration of the twenty days as first extended, the respondent entered judgment as by default. The copies of the orders and affidavits were in both instances served by depositing them, postpaid, in the post office at Watertown, addressed to the respondent's attorneys at Jefferson. Whether the copy of the last order and affidavit came to their hands before entry of judgment, does not appear. This however is an immaterial circumstance, since there can be no doubt of the validity of the service, and it is not questioned by them. It is from an order refusing to set aside the judgment, that this appeal is taken.

It is contended that the second order was null and void, because the county judge was not authorized to extend his own time, but "the time allowed by law." This position is answered by the case of *Howard vs. Boorman, supra.* Still, we may remark that the time fixed by the county judge was that fixed by law, and that in enlarging it, he was enlarging that "allowed by law."

It is furthermore contended that the second order was void because by section 29 of chapter 140, it is declared that "no order to stay proceedings for a longer period than twenty

days shall be granted by a judge out of court, except upon previous notice to the adverse party. This objection might be good if orders to stay proceedings and orders to extend the time in which a particular act or proceeding in an action is to take place, were synonymous. But they are not. An order staying proceedings puts an end to all progress in the action, and no step can be lawfully taken during its continuance. But it is not so with an order enlarging the time in which a particular act is to be done or step taken. It may operate incidentally to produce delay, but there are nevertheless many things which the parties may still lawfully do. They can take any step which is not dependent upon or connected with the order. The power to grant orders of the latter character is treated by the statute as distinct and separate from that by which the former are to be made. Time may be enlarged by virtue of section 32, but the power to stay proceedings is elsewhere regulated. The power to relieve parties from the consequences of mistakes and accidents, which are ever occurring in the course of legal proceedings, and to enable them, with proper diligence, fairly to protect their legal rights, must be vested in some proper officers, and it seems to have been the intention of the legislature, in cases like the present, to vest it in those named in section 32. We see no irregularity in the orders enlarging the time, and the motion to set aside the judgment should have been granted.

The order appealed from is reversed, and the cause remanded for further proceedings.