13 So.2d 206

**MARTIN v. STATE.**

7 Div. 741.

Supreme Court of Alabama.

April 8, 1943.

Rehearing Denied May 13, 1943.

Motley & Motley, of Gadsden, for the petition.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., opposed.

BOULDIN, Justice.

A court of equity, when its jurisdiction is invoked by bill in the nature of a bill of review to vacate a judgment or decree of another court upon the ground of fraud in its procurement, is a court of general jurisdiction in the exercise of its general equity powers.

Such a suit is a direct attack on the judgment or decree sought to be vacated. It challenges the existence of the judgment as a valid adjudication from the date of its rendition.

The equity decree vacating the decree of divorce recites it was rendered in a suit inter partes, on bill and answer, and evidence taken orally before the court and other proof; and further recites the decree of divorce was rendered without the knowledge of defendant therein The decree of divorce, also in the record, discloses it was rendered upon an ex parte hearing after decree pro confesso on publication.

Cases dealing with collateral attack on judgment are not in point.

The decree in equity nullifying the decree of divorce was conclusive, as against this appellant, that the first wife was still the lawful wife of appellant at the time of the rendition of the equity decree, and, therefore, at the time the indictment was found.

Writ of Certiorari denied.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.