42 So.2d 650

**ATKINS v. ATKINS.**

**6 Div. 634.**

Supreme Court of Alabama.

Nov. 10, 1949.

Elliott & Petree and Bankhead, Skinner & Kilgore, all of Jasper, for appellee.

Beddow & Jones, Roderick Beddow and G. Ernest Jones, of Birmingham, for appellant.

LAWSON, Justice.

The appeal is from a final decree of the circuit court of Walker County, in equity.

Dewey Atkins, the appellant, and Vivian Smith Atkins, the appellee, were married in Harlan County, Kentucky, on July 2, 1937.

On October 25, 1943, the appellant, Dewey Atkins, secured a decree of divorce from his wife, Vivian Smith Atkins, appellee, in the *County* court of Walker County, in equity, on the ground of adultery. In his bill for divorce filed on August 16, 1943, Dewey Atkins averred that "the respondent's place of residence is unknown and last place she was at was in Virginia." Personal service on the wife was not obtained, and publication was made in the Jasper *Advertiser*, a newspaper published in Jasper, Walker County, Alabama. The affidavit of nonresidence was made by Hon. R. L. Newton, attorney for Dewey Atkins, and is as follows: "Before me, Minus M. Johnson, Clerk of said Court, personall [sic] appeared R. L. Newton agent and solicitor for complainant, who being first duly sworn deposes and says that he is informed and verily believes that Vivian Smith Atkins the Defendant in the above cause is a non-resident of Alabama, and that his [sic] place of residence is unknown and cannot be ascertained after reasonable effort, and further, that in the belief of said affiant said Defendant is over twenty-one years of age."

The respondent in the said divorce suit, Vivian Smith Atkins, did not appear to the action either in person or by attorney and the cause was submitted for final decree. It appears from said divorce decree that submission for final decree was "upon Bill of Complaint, Decree pro confesso, and testimony as noted by the Clerk."

At the time the said decree of divorce was rendered there were three minor children, all of whom were living with their mother in Detroit, Michigan. The divorce decree made no reference to the custody of the children. Some time after the divorce decree was rendered and after the wife, Vivian Smith Atkins, appellee here, had become aware of it, she permitted Dewey Atkins to bring the children to Walker County, Alabama, upon the representation that he would return them to her in Detroit. While in Walker County the children lived in the home of the father and mother of Dewey Atkins, where he also lived.

On February 25, 1946, Vivian Smith Atkins, appellee, instituted this proceeding in the *Circuit* court of Walker County, in equity, against Dewey Atkins and against his father and mother, Benjamin M. Atkins and Annie Atkins.

The bill filed by Vivian Smith Atkins contains averments often found in original bills in the nature of bills of review to set aside, vacate and annul a decree on the ground of actual fraud in the procurement or concoction of the decree. Yet, the bill does not contain a special prayer for such relief. However, there is a prayer for general relief. The bill prayed for the following specific relief: (1) a divorce from Dewey Atkins on the ground of voluntary abandonment; (2) that the custody of the minor children be awarded to complainant; (3) alimony; (4) support and maintenance for the minor children; (5) attorney's fee.

On February 25, 1946, the same day on which Vivian Smith Atkins filed her bill, it was ordered that a hearing be held on February 28, 1946, "to determine and pass upon the questions of custody of minor children, Alimony for complainant, Support and maintenance for minor children, solicitor's fee for complainant's solicitor, pending the outcome of this litigation." It was further ordered "that a copy of the instant order of this Court be attached to the copies of the Summons and bill of complaint for each defendant to this cause, and the Sheriff of Walker County, Alabama, is hereby ordered and commanded to serve a copy of the Summons and bill of complaint and a copy of the order attached thereto on each of the defendants to this cause, instanter, and forthwith make due return thereof to this court."

On February 28, 1946, the date set for the above-referred-to hearing, the follow-

ing motion was filed by counsel for all three of the respondents:

"Comes each defendant, separately and severally, and alleges that the bill of complaint in this cause shows that the complainant is a nonresident of the State of Alabama and they separately and severally, move that the complainant be required to give security for the cost of this cause before proceeding further herein.

"R. L. Newton

"Attorneys for Defendants"

This motion was granted. Cost security was set at $50.00, which amount was deposited with the Register.

The hearing, originally set for February 28, 1946, was held either on that date or on March 3, 1946. The record is not clear in this respect.

The record shows that at the hearing, where the testimony was given orally before the judge, the complainant was represented by two firms of lawyers. The "defendants" were represented by Hon. Arthur Fite and Hon. R. L. Newton. A number of witnesses were called by complainant and by the respondents, all of whom were examined and cross-examined by counsel for the respective parties. All three defendants testified at the hearing.

On March 4, 1946, a decree was rendered awarding the temporary custody of the two young girls to complainant, Vivian Smith Atkins, and the temporary custody of the son to the respondent, Dewey Atkins. On November 12, 1946, counsel for complainant filed an application to have the cause set for final hearing orally before the court. This application was granted on November 27, 1946, and December 13, 1946, was the day set for the final hearing. In its order setting the date for the hearing, the court further ordered "that the register of this court give the defendants notice of this hearing by delivering to Newton and Selman, Attorneys for the Defendants, Jasper, Alabama, a copy of this order." Service of the order was had upon Newton and Selman.

Likewise on November 25, 1946, Newton and Selman, as attorneys for the respondents, were notified by the register of complainant's request or application to take the oral testimony of one Shelton before a commissioner in Detroit, Michigan. The cause came on to be heard for final decree on December 13, 1946. The respondents did not challenge the sufficiency of the bill by demurrer, nor had any of them filed an answer. No decree pro confesso had been taken. The file in the cause appears to have been misplaced. Although the witnesses were examined orally before the trial judge, the fact that the defendants had not demurred or answered was not called to his attention by counsel for complainant or by counsel for respondents. At this hearing the defendants were represented by the firm of Newton and Selman, both of whom were present. Mr. Newton had appeared for the respondents at the previous hearing. Hon. Arthur Fite, who also had represented the respondents at the first hearing, had withdrawn from the case.

Many witnesses testified at the hearing on December 13, 1946. In fact, twenty-two witnesses were called by the respondents. All witnesses were examined and cross-examined by counsel for the respective parties. At this hearing the respondents Dewey Atkins and Annie Atkins both testified.

On the day after the final hearing, on, to wit, December 14, 1946, the trial judge rendered a final decree which contains the following language: "This cause coming on to be heard, was submitted for final decree upon the bill of complaint, proper service having been had upon each of the defendants, but no answer to the bill of complaint having been filed by either of the defendants so far as the record shows. The defendant Dewey Atkins appearing in court and contesting the case, and the evidence for the complainant and defendant being heard in open court, after the court having made an order on the petition of the complainant setting said case for oral hearing before on [sic] the Court on December 13, 1946. On consideration of the evidence submitted, the Court is of the opinion that complainant is entitled to the relief prayed for in her said bill of complaint."

In the final decree of December 14, 1946, the trial court decreed: (1) That the decree rendered by the county court of Walker County, in equity, on October 25, 1943, which decree granted a divorce to Dewey Atkins on the ground that his wife, Vivian Smith Atkins, had committed adultery, be set aside, vacated, and annulled; (2) that the bonds of matrimony theretofore existing between complainant, Vivian Smith Atkins, and respondent, Dewey Atkins, be dissolved on the ground of voluntary abandonment by the said Dewey Atkins; (3) that Vivian Smith Atkins have the custody of the three minor children except during the months of June, July, and August, when Dewey Atkins was to have their custody; (4) that Dewey Atkins pay to Vivian Smith Atkins the sum of $25 per month as alimony and for support and maintenance of the minor children; (5) that Dewey Atkins pay the sum of $100 to the solicitor for complainant as attorney's fee; (6) that the bill of complaint be dismissed as against respondents Benjamin M. Atkins and Annie Atkins; (7) that the costs of the proceedings be taxed against the respondent Dewey Atkins.

Appellant insists that the decree appealed from should be reversed for the reason that the cause was not at issue for want of an answer to the bill or a decree pro confesso thereon, and, therefore, not ready for final decree.

Unquestionably the submission and decree were irregular. Pearce v. Kennedy, 232 Ala. 107, 166 So. 805. But such an irregularity may be waived. In Pearce v. Kennedy, supra, it was said: "However irregular it may appear, there may be a waiver of answer and default. 21 Corpus Juris, 647 and 790. Illustrative is the case of Durr v. Hanover National Bank, supra [148 Ala. 363, 42 So. 599], as to answer, and Davenport v. Bartlett, 9 Ala. 179, as to decree pro confesso, which is therein referred to as 'quite a matter of form.' Other authorities are found cited in the notes to 21 Corpus Juris, 790, 791, among them Rushing v. Thompson's Ex'rs, 20 Fla. 583, here much in point, and where the failure to take a formal decree pro confesso is referred to as an irregularity only, and as not rendering the final decree void. It was there observed: 'It is well settled rule that jurisdiction being obtained over the person and the subject matter, no error in its exercise can make the judgment void. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed. Freeman on Judgments, § 135 and notes.' " 232 Ala. 109, 166 So. 806.

The opinion in the case of Pearce v. Kennedy, supra, makes no reference to the case of Kelly v. Carmichael, 221 Ala. 339, 128 So. 443, 444, where it was said: "It is further established, that a decree is *void* if rendered without a submission of the cause for final decree, before answer and without decree pro confesso, and was therefore not at issue and not ready for submission for a final decree." (Emphasis supplied.) In support of that statement were cited the cases of Durr v. Hanover National Bank, 148 Ala. 363, 42 So. 599, and Thomas v. Barnes, 219 Ala. 652, 123 So. 18. But neither of those cases supports the holding that such a decree is void. In fact, in the case of Thomas v. Barnes, supra, we refused to reverse where issue had not been joined on additional amendments to the bill and cross bill at time of final submission, though at issue when testimony taken.

We are in accord with the holding in Pearce v. Kennedy, supra, to the effect that such a decree is not void but irregular, and that answer and decree pro confesso may be waived.

In the instant case it appears that all three of the defendants were served with copies of the bill of complaint and with notices relative to all proceedings. All three of them were present and testified at the first hearing. Dewey Atkins and his mother, Annie Atkins, testified at the second hearing. By agreement, the evidence taken at both hearings was to be considered by the trial court on final decree. All three defendants were represented by the firm of Newton and Selman. The record shows that testimony was taken in regard to all aspects of the bill of complaint. It is clear that the only reason

Benjamin M. Atkins and Annie Atkins were made respondents to the bill was the fact that the minor children of the parties were living in their home with their father, the respondent Dewey Atkins. However, the children were in the custody of Dewey Atkins and not in the custody of their grandparents. We are clear to the conclusion that in view of the foregoing circumstances, all the defendants waived decree pro confesso and answer and that, therefore, this cause should not be reversed because of the fact that submission was had and decree rendered prior to decree pro confesso being taken and answer of the respondents filed.

■■ There is no merit in the contention that the Circuit court of Walker County, in equity, was without jurisdiction to set aside, vacate and annul the divorce decree rendered by the County court of Walker County, in equity. No authorities are cited in support of this contention, but counsel for appellant base their argument in this respect on the statement that "the Walker County Court has full and complete concurrent jurisdiction in equity matters with the circuit court of Walker County." By way of argument, it is stated in brief of counsel for appellant: "To permit the Circuit Court of Walker County, in Equity, to vacate the decree of the Walker County Court, in Equity, would but invite the Walker County Court, in Equity, to review the decree in this cause and for reasons satisfactory to itself, vacate this decree. Such scrambling between courts over a cause can result in each of the courts getting at loggerheads with each other and vacating the decree of each other court [sic] as the matter is presented. Then a cause would be battled back and forth between the two courts like a shuttlecock, each court striving to maintain a superiority of jurisdiction over the other."

The answer to this argument is that in so far as we have been able to determine, the County court of Walker County has never had concurrent juriscdiction in all equity matters with the circuit court of Walker County, in equity. By virtue of the provisions of Act 22, H. 148, approved

February 8, 1939, Local Acts 1939, p. 8, the County court of Walker County was given jurisdiction "to divorce persons from the bonds of matrimony upon bill filed by aggrieved party for the same causes and upon the same grounds as provided by Chapter 283 of the 1923 Code of Alabama, and in allowance of alimony, solicitor's fees, and custody of children * * *" By the terms of the said 1939 local act, the County court of Walker County was also given equity jurisdiction as to administration of estates. In so far as our research discloses, the County court of Walker County, in equity, has never had any equity jurisdiction other than that pointed out above.

We think the foregoing is sufficient to show that the County court of Walker County, in equity, does not have general equity powers. A bill in the nature of a bill of review must be filed in a court having general equity powers. In Martin v. State, 244 Ala. 323, 13 So.2d 206, 207, it was said: "A court of equity, when its jurisdiction is invoked by bill in the nature of a bill of review to vacate a judgment or decree of another court upon the ground of fraud in its procurement, is a court of general jurisdiction in the exercise of its general equity powers."

We leave undecided the question as to whether the circuit court of Walker County, in equity, would have had jurisdiction if the County court of Walker County, in equity, possessed general equity powers.

The respondents in this cause were all residents of Walker County. The equity court of that county had jurisdiction to set aside, vacate and annul the divorce decree rendered by the County court of Walker County, in equity, in a proceeding of this kind. Fox v. Fox, 235 Ala. 338, 179 So. 237.

■ Even prior to the adoption of Equity Rule 66, Code 1940, Tit. 7 Appendix, an original bill in the nature of a bill of review could be filed without leave of the court. McDonald et al. v. Pearson, 114 Ala. 630, 21 So. 534. Under Equity Rule 66 a bill of review may be filed without first applying for leave.

Appellant next insists that since there was no special prayer in the bill asking that the divorce decree rendered by the County Court of Walker County, in equity, be set aside, vacated and annulled, the trial court erred in doing so.

We cannot agree with this contention. The allegations of the bill not challenged by demurrer clearly show that the bill was framed for the purpose, among others, of having the decree of the Walker County Court, in equity, vacated for fraud in its procurement. The proof clearly justifies such relief and appellant does not contend otherwise. Under such circumstances, the action of the trial court in vacating the decree of the Walker County Court, in equity, could not come as a surprise to the respondents. In fact, such relief was entirely consistent with the special prayer of the bill wherein the complainant prayed for a divorce from the respondent Dewey Atkins. It is the peculiar province of the court of equity, under the prayer for general relief, to mold its decree to meet the case made by the pleadings and proof. Hill v. Johnson, 214 Ala. 194, 106 So. 814.

We have treated all questions insisted upon by counsel for appellant. The decree of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.