**616**

88 So.2d 840

Wiley CHRISTIAN

v.

**FIDELITY & CASUALTY COMPANY OF NEW YORK et al.**

**6 Div. 41.**

Supreme Court of Alabama.

July 26, 1956.

Bevill & Bevill, Jasper, for appellant.

Davies & Williams, Birmingham, for appellees.

MERRILL, Justice.

Appellees filed a bill in equity against five respondents, all of whom were personally served. Decrees pro confesso were duly taken against three of them upon their failure to make an appearance. The other two respondents, Lowry and Christian, filed demurrers within the time allowed, but made no further appearance.

The final decree recites in part that:

"This Cause coming on to be heard was submitted for final decree on bill of complaint and decree pro confesso on personal service against R. P. Sorrells individually and d/b/a Layton Bonding Company; Layton Bonding Company; J. L. Layton d/b/a Layton Bonding Company, and Gilbert H. Sanford.

"The respondents, A. A. Lowry and Wiley Christian having heretofore filed their demurrers and the court, upon consideration of same, is of the opinion that they are not well taken, and

"It is therefore Considered, Ordered, and Adjudged that the demurrers filed by respondents A. A. Lowry and Wiley Christian be and are hereby overruled.

"The respondents, A. A. Lowry and Wiley Christian not being present in open court and declined to plead further, the Court proceeds to hear the testimony offered by the complainants and find the following facts":

(As we understand it, the reason respondents Lowry and Christian "declined to plead further" was because they were not present.)

After stating the findings, a final decree was rendered against all five respondents. Respondent Christian appeals.

■ All of the assignments of error raise the point that the court erred in rendering a final decree against appellant without an answer being filed by him or without a decree pro confesso having been taken against him. This action by the court constituted reversible error. In our recent case of Capps v. Norden, 261 Ala. 676, 75 So.2d 915, 919, we said:

"It is now well settled that if defendant is duly served, a final decree, without an answer or decree pro confesso and therefore when the cause is not at issue, is irregular and would be reversed on appeal but the decree is not void. Collins v. Bay City Export Lumber Co., 260 Ala. 308, 70 So.2d 273; Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650; Pearce v. Kennedy, 232 Ala. 107, 166 So. 805. This assumes there are sufficient allegations invoking the jurisdiction of the court. The final decree is not void on account of the claim with respect to the decree pro confesso."

Appellees argue that appellant waived the irregularity, citing Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650. There we again held that submission for final decree for want of an answer or decree pro confesso was irregular; but we also held that the irregularity was waived because the respondents were present and represented by attorneys at the hearings. But in the instant case, there is no circumstance on which a waiver could be predicated.

Appellee urges that:

"In this case the appellant has assigned six errors but they are apparently treated as one in the brief because no reference in the entire brief is made to any particular assignment of error and no proposition of law cited in the appellant's brief is referred back to any particular assignment of error."

True, we have held that a brief is insufficient which makes some general propositions but which fail to make specific application or reference to the ruling assigned as error. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; State v. Southland Hatchery, 253 Ala. 449, 45 So.2d 302; but we have also held that it is well established that several assignments of error raising kindred questions may be presented under the same argument. Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; White Dairy Co. v. Sims, 230 Ala. 561, 161 So. 812. As previously stated, all the argued assignments of error in the instant case raised kindred questions.

Appellees also insist that this cause should not be reversed for failure to enter a decree pro confesso unless the defendant showed that he had a meritorious defense to the suit, citing 21 C.J. § 959c. P. 809; 30 C.J.S., Equity, § 675. We think the citation is inapt, but it suffices to say that whatever may be the rule in other jurisdictions, such a proposition is not supported by our decisions.

There being error in the record, the decree must be reversed and the cause remanded.

At the conclusion of appellant's brief, we find the following statement:

"We have contented ourselves with the discussion of only a few of the errors and rulings of the Circuit Court of Walker County, Alabama, in Equity, but do not waive others not discussed. We rely on the statutory duty that the court search the record for errors."

To correct this misapprehension, we reiterate again the rule that in civil cases there is no "statutory duty that the court search the record for errors" and we consider only assignments of error which are substantially argued in brief. Supreme Court Rules, rule 9, Code 1940, Tit. 7 Appendix. 2A Ala.Dig., Appeal and Error, 1078(1) and 1079.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.