Matthew M. Levy, J.
There is before me for disposition a two-pronged motion by the defendant and a cross motion by the plaintiff.
(1) The defendant moves for a change of venne from New York County to Westchester County. This prayer is denied without prejudice to a renewal upon proper papers. The defendant asserts that the action affects a right or interest in real property and, therefore, should be tried in Westchester County, where the property is located. The plaintiff contends that the suit does not involve a change in the title of the property in question, is a transitory action and may be tried in New York County, where the plaintiff resides. The papers would seem to indicate that the suit does in fact involve real property. However, in the absence of a copy of the complaint, it is impossible satisfactorily to determine whether or not the action is one which comes within the provisions of subdivision 9 of section 183 of the Civil Practice Act, the applicable statute here involved. The quotations by one side or the other from the allegations of the complaint do not aid in a solution of this matter, and the pleading as a whole should be before the court.
Upon the submission of a motion necessitating a study of the pleadings — as this motion obviously does — the court notice, caused to be published by me daily in the New York Law Journal from February 26,1962 to March 23, 1962, required the filing by the moving party, at Special Term, Part I, of marked copies of the pleadings. This was not done here. Since counsel for the moving party does not have his office in New York City, I deem it appropriate to add what Tripp, in “ A Guide to Motion Practice ” (Cum. Supp. 1949-1955) had to say as a helpful caveat to practitioners on this subject (§ 6, p. 8): “ The importance of carefully marked pleadings was emphasized by [the late] Mr. Justice Cuff in Deutsch v. Adams (197 Misc. [505], 508, 95 N. Y. S. 2d 622, 625), as follows: ‘ It would seem to me that aside from the rule which requires that marked pleadings be submitted, an attorney would want the court to have pleadings carefully marked by himself to insure against error ’ ’ ’.
(2) As to the application by the defendant for a stay, the defendant is apparently entitled to restitution of the costs it paid in pursuance of the original order granting summary judgment to the plaintiff. For it sufficiently appears that that *1014 order was duly recalled by the court and summary judgment ultimately denied. Upon appeal by the plaintiff, the order of denial was affirmed, with costs to the defendant (15 A D 2d 739).
Differentiation must be made here between the two sets of costs. Thus, while the defendant would be entitled to a stay were there nonpayment by the plaintiff of the costs awarded to the defendant when the final order denying the plaintiff’s motion for summary judgment was affirmed (Civ. Prac. Act, § 1520; Schechter v. Lichtenstein, 223 App. Div. 60, 61), restitution of the costs previously paid by the defendant on the original order granting the plaintiff summary judgment is not as yet to be enforced by means of a stay pending repayment. The statute affords a specific remedy to obtain restitution (Civ. Prac. Act, § 529). A stay at the outset is not granted for that purpose. Not until an order providing for reimbursement has been obtained in accordance with section 529 will a failure by the plaintiff to make restitution enable the defendant successfully to assert that the plaintiff is stayed for noncompliance.
(3) The plaintiff’s cross motion to examine a witness before trial and for the issuance of a commission is dismissed without prejudice. By the terms of the order to show cause, dated March 5, 1962, the plaintiff was stayed from taking further proceedings pending the determination of the defendant’s motion. The order was served on the plaintiff on that day, but the plaintiff nevertheless served the notice of cross motion on March 12,1962. This application was not defensive, but affirmative, in nature, and, as this was a clear violation of the stay, the cross motion is improper and premature and will not be considered at this time.
It appears that the order to show cause was procured by the defendant without complying with rule 61 of the Buies of Civil Practice — which requires that when applying for an ex parte order the movant shall present an affidavit showing whether any previous application has been made for the order asked for or for a similar order and, if so, certain information with respect thereto. The rule provides that, for failure to comply, the order thus obtained may be vacated. Such failure is urged by the plaintiff as a ground for ignoring the stay contained therein. But that is at most an irregularity (Matter of National Gramophone Corp., 82 App. Div. 593, 595; Floccher v. Magnelli, 106 N. Y. S, 2d 305, 306), and does not invalidate the order to show cause or the stay.
Nor does rule 145 of the Buies of Civil Practice render the stay nugatory. That rule provides that “No order to stay proceedings for the purpose of moving to change the place of trial shall *1015 be granted unless it shall appear from the papers that the defendant has used due diligence in preparing the motion for the earliest practicable day after issue joined.” From the papers before me — in the light of all the procedural steps taken, including the appeal — I gather that that is what the situation is here. But, in any event, since the order to show cause did contain a stay of all proceedings on the part of the plaintiff pending disposition of the motion, it is not for the plaintiff on her own to presume to reject the court directive (cf. Mount Sinai Hosp. v. Davis, 8 A D 2d 361, 363-364). If aggrieved by the stay, she should have moved to vacate it, and then serve a notice or a motion for an examination before trial or take any other affirmative proceedings deemed necessary or advisable.