236 So.2d 694

Dorothy P. MALLETTE et al.

v.

The MERCHANTS NATIONAL BANK OF
MOBILE, a National Bank-
ing Association.

1 Div. 443.

Supreme Court of Alabama.

May 15, 1970.

Rehearing Denied June 11, 1970.

Stone, Gray & Howard, Mobile, for ap-
pellee.

Engel & Smith, Mobile, John V. Duck,
Fairhope, for appellants.

COLEMAN, Justice.

Respondents appeal from a final decree in equity.

On February 8, 1966, complainant filed its bill of complaint. Complainant alleged that a trust had been created by Lynn F. Grimes in 1963, and that complainant was named as trustee; that Lynn F. Grimes died October 28, 1965, and left a purported will which had been accepted for probate by the Judge of the Probate Court of Baldwin County; that, under said will, two of the respondents are made beneficiaries under the trust; that demand for delivery of the corpus of the trust had been made upon complainant by one of the respondents who is a beneficiary under and also the alleged executrix of the will; that complainant has been advised that said will has not been properly admitted to probate according to § 35, Title 61, Code 1940, as amended, and that said will must be probated in Mobile County.

Complainant prays for the court to declare the proper person or persons to whom complainant should pay the corpus of the trust.

Four respondents were named in the original bill. The record indicates that the court granted complainant's motion to strike one of the respondents and also granted complainant's motion to dismiss another respondent.

The two remaining respondents are those two alleged to be beneficiaries under the will and trust. They filed demurrer to the bill and on April 22, 1966, the cause was submitted for decree on the demurrer.

On June 8, 1966, respondents filed a motion to stay the proceedings on the ground that complainant had filed a contest of the will of Lynn F. Grimes in the Circuit Court of Baldwin County, in equity, seeking among other things to "nullify" the letters testamentary granted to the respondent, Dorothy Mallette. The trial court granted the motion to stay on June 8, 1966.

On June 28, 1966, complainant filed an amended bill of complaint. In it, complainant avers the same facts that were alleged in the original bill as to creation of the trust, complainant's appointment as trustee, the death of Lynn F. Grimes, probate of her will, appointment of Dorothy Mallette as executrix, beneficiaries under the will, and uncertainty as to proper probate of the will.

Complainant prays that the court order a day for final accounting and settlement of its administration of the trust, for an order

that it deliver the remaining assets of the trust to Dorothy Mallette as executrix, and that, upon such delivery of assets, complainant be discharged from further liability under the trust.

Attached to the amendment is a certificate by complainant's counsel that he has mailed a true copy of the amendment to respondents' attorney.

The two remaining respondents are nonresidents of Alabama. The record contains a certificate filed September 21, 1966, made by the register certifying that he has mailed a copy of the amended bill and summons to the two remaining respondents and that return receipts have been received and filed by the register on August 1 and August 8, 1966.

The record shows that on September 21, 1966, the trial judge rendered a decree pro confesso against both respondents based on the register's certificate of service by registered mail.

Under date of November 14, 1966, the court rendered a decree which recites that the cause having been submitted for decree on ". . . . the demurrer of respondents, Dorothy P. Mallette and the Old Folks Lutheran Home in Kendallville, Indiana, to the bill of complaint filed herein . . . .," etc., it is decreed that the demurrer of the above named respondents ". . . . to the bill of complaint herein, be and the same hereby is sustained."

The record does not show that either the purported decree pro confesso or the decree sustaining the demurrer to the bill above referred to, have been filed with the register.

Next in the record appears an order signed by the trial judge which recites:

"ORDER GRANTING ORAL MOTION IN OPEN COURT TO SET ASIDE ORDER STAYING PROCEEDINGS

"By order of the undersigned, and upon oral motion of the complainant's attorney this day in open Court, the order granting motion to stay proceedings dated June 8, 1966 heretofore entered in the above styled cause, the same be and hereby is set aside and held for naught.

"Dated, November 16, 1966."

The record does not indicate that the last quoted order was ever filed with the register.

Next in the record appears the court reporter's transcript of a hearing on November 16, 1966. Respondents did not attend the hearing, either in person or by counsel.

At the hearing on November 16, 1966, the court, on oral motion of complainant, set aside the stay order, saying:

"The Court, having considered the motion, grants the motion, and sets aside the stay order in this cause on June 8, 1966, and, as a further ground for setting aside the order, the Court considered the statement made by Mr. Stone that, in allowing and passing on the accounts, Mr. Stone is going to withdraw the contest of probate in Baldwin County."

After oral hearing of the testimony offered by complainant, the court rendered a final decree granting the relief prayed for in the amended bill of complaint, and respondents appeal from the final decree.

Respondents have assigned as error that the trial court erred in rendering the final decree for the reason that the cause was not at issue.

Respondents assert that the cause was not at issue because no answer had been filed to the amended bill of complaint, on which the final decree was rendered, and no proper decree pro confesso had been entered at the time the testimony was taken and the final decree was rendered.

It is clear that there is no answer to the amended bill of complaint. Respondents say that the purported decree pro confesso was rendered during the period when the stay order was in effect; that the purport-

ed decree pro confesso was rendered September 21, a little less than two months before the stay order was set aside on November 16; and, therefore, that the decree pro confesso was not properly rendered and is insufficient to support the final decree.

The Supreme Court of Wisconsin has said:

". . . . An order staying proceedings puts an end to all progress in the action, and no step can be lawfully taken during its continuance. . . . ." Wallace v. Wallace, 13 Wis. 224, 227.

The Supreme Court of New York for New York County has said:

". . . . By the terms of the order to show cause, dated March 5, 1962, the plaintiff was stayed from taking further proceedings pending the determination of the defendant's motion. The order was served on the plaintiff on that day, but the plaintiff nevertheless served the notice of cross motion on March 12, 1962. This application was not defensive, but affirmative, in nature, and, as this was a clear violation of the stay, the cross motion is improper and premature and will not be considered at this time." Rothouse v. Association of Lake Mohegan Park Property Owners, Inc., 37 Misc.2d 1016, 235 N.Y.S.2d 307, 309.

In the case of In re Estate of Lamm, 246 Iowa 300, 67 N.W.2d 613, the appeal was from an order admitting a will to probate. The decision turned on the point whether the required publication of notice had been made. Two publications of the notice had been ordered. One publication had been made prior to the making of an order staying the proceeding. The second publication was made while the stay order was in effect. In reversing the order admitting the will to probate, the Supreme Court of Iowa said:

"The rule as to the operation and effect of an order staying proceedings is that it ends all progress and prevents the taking of any further steps in the action during the continuance of the stay. 1 C.J.S., Actions, section 137.

"We conclude the second of the two publications of notice of time set for proof of the will was in violation of the stay order made February 18 and no valid publication of such notice was had. The giving of a valid notice as required by Code section 633.20, I.C.A., is a jurisdictional requisite to a valid order of probate. The first of the two publications prescribed by the clerk's order of February 13 was insufficient to invoke the court's jurisdiction to admit the will to probate on March 9. The order appealed from is therefore invalid and should be reversed." (246 Iowa at 305, 67 N.W.2d at 615.)

In the case at bar, the action of complainant in making the motion to set aside the stay order and the action of the court in granting the motion suggest a tacit recognition that testimony could not be taken or a final decree properly rendered while the stay order remained in effect. On the authorities cited, it was equally improper for the complainant to file an amendment to the bill seeking additional relief, and for the court to render a decree pro confesso on the amended bill, so long as the stay order remained in effect. The decree pro confesso rendered September 21, 1966, was not a proper decree pro confesso on which to rest a final decree.

"The defendant not having answered the bill, and no proper decree pro confesso having been entered against him in the cause, it results that the cause was not at issue, when submitted for decree, and the decree rendered upon that submission was erroneous, and must be reversed." Kent v. Kent, 224 Ala. 183, 185, 139 So. 240, 242.

What this court said in a case in 1956 seems appropriate here, to wit:

"All of the assignments of error raise the point that the court erred in render-

ing a final decree against appellant without an answer being filed by him or without a decree pro confesso having been taken against him. This action by the court constituted reversible error. In our recent case of Capps v. Norden, 261 Ala. 676, 75 So.2d 915, 919, we said:

> " 'It is now well settled that if defendant is duly served, a final decree, without an answer or decree pro confesso and therefore when the cause is not at issue, is irregular and would be reversed on appeal but the decree is not void. Collins v. Bay City Export Lumber Co., 260 Ala. 308, 70 So.2d 273; Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650; Pearce v. Kennedy, 232 Ala. 107, 166 So. 805. This assumes there are sufficient allegations invoking the jurisdiction of the court. The final decree is not void on account of the claim with respect to the decree pro confesso.'

"Appellees argue that appellant waived the irregularity, citing Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650. There we again held that submission for final decree for want of an answer or decree pro confesso was irregular; but we also held that the irregularity was waived because the respondents were present and represented by attorneys at the hearings. But in the instant case, there is no circumstance on which a waiver could be predicated.

" . . .

"Appellees also insist that this cause should not be reversed for failure to enter a decree pro confesso unless the defendant showed that he had a meritorious defense to the suit, citing 21 C.J. § 959c. P. 809; 30 C.J.S., Equity, § 675. We think the citation is inapt, but it suffices to say that whatever may be the rule in other jurisdictions, such a proposition is not supported by our decisions.

"There being error in the record, the decree must be reversed and the cause remanded." Christian v. Fidelity & Casualty Co. of New York, 264 Ala. 616, 617, 618, 88 So.2d 840, 841.

Consideration of other contentions made by the parties is unnecessary.

After remandment, complainant may file such amendments to the original bill as complainant may deem proper, and service on respondents and further proceedings may be had as provided by law. See Equity Rule 28(c), Code 1940, Title 7, Appendix.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, BLOODWORTH and MADDOX, JJ., concur.

## ON REHEARING

COLEMAN, Justice.

Appellee says that Equity Rule 32 provides that decrees pro confesso may be taken on amendments to bills *"at any time* after the expiration of the time within which pleadings should have been filed thereto." (Emphasis Supplied) Appellee says that the decisions which we cited with respect to the operation and effect of stay orders may come from states which do not have a rule like our Rule 32.

It may be that those other states do not have a rule similar to Rule 32, but that rule contains no mention of or any reference to a stay order. We are of opinion that the provision in the rule that decrees pro confesso may be taken "at any time" does not contemplate and does not authorize the rendition of a decree pro confesso during the period when a stay order is in effect. We are not advised that Rule 32, or any other rule, authorizes the filing of amendments to pleadings while the proceedings in a cause are stayed by order of the court.

Appellee says that it " . . . is desirous of learning the basis for the statements contained in the opinion to the effect that neither the Decree Pro Confes-

**42**

so nor the decree sustaining the demurrer nor the order dismissing the stay proceedings were filed with the Register." These statements were made merely as a part of a statement of what the record shows in the instant case. We do not say·that omission of filing date was or was not improper. That point is not in issue. The result on this appeal would be the same even if the above mentioned orders had been shown in the record as having been filed on a day certain.

We are not persuaded that we should change our decision with respect to waiver by appellants of the lack of a decree pro confesso or as to any other matter set out in the opinion on original deliverance.

Opinion extended.

Application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON, HARWOOD and BLOODWORTH, JJ., concur.

