This appeal involves a postjudgment motion challenging a judgment of dismissal entered by the Madison Circuit Court in a case in which litigation had been stayed by a federal district court. Because we conclude that the circuit court's judgment is void, we vacate it and dismiss the appeal.
 Facts and Procedural History
Glenn R. Watson and Rhonwyn C. Watson ("the Watsons") sued Terminix International Company, L.P., and Terminix International, Inc. (hereinafter referred to collectively as "Terminix"), and a Terminix employee, Vandy Riggins ("Riggins"), on February 10, 1998. They sued in the Madison Circuit Court. The Watsons' complaint alleged reckless, fraudulent, and willful misrepresentation; suppression; negligence; breach of contract; and civil conspiracy, all with respect to Terminix's issuance of a "Wood Infestation Report" and coverage under a termite bond. Shortly after the Watsons filed their lawsuit in the Madison Circuit Court, Terminix filed, in the United States District Court for the Northern District of Alabama, a petition to compel arbitration of the Watsons' claims pursuant to the Federal Arbitration Act,9 U.S.C.A. § 4; Terminix alleged that federal diversity jurisdiction existed under 28 U.S.C.A. § 1332. Contemporaneously with that filing, Terminix and Riggins moved for a protective order in the Madison Circuit Court, seeking a stay of the proceedings in that court until the federal district court ruled on Terminix's petition. The circuit court issued the stay.
On August 4, 1998, the federal district court granted Terminix's petition to compel arbitration and issued an order enjoining the Watsons from "pursuing or prosecuting separate litigation against [Terminix], pending the results of arbitration." *Page 691 
The Watsons immediately appealed the district court's order to the United States Court of Appeals for the Eleventh Circuit.
On August 6, 1998, Terminix and Riggins moved in the Madison Circuit Court for a dismissal of the Watsons' lawsuit without prejudice. The ground they stated for that motion was the federal district court's order compelling arbitration and enjoining separate litigation. The Watsons opposed the motion, arguing that the district court's order had been appealed to the Eleventh Circuit and that, therefore, the issue of arbitration was not fully resolved. The Watsons urged the Madison Circuit Court to place the case on its administrative docket instead of entering a judgment of dismissal. The circuit court declined to do so, and on August 7, 1998, it dismissed the case without prejudice, as requested by Terminix and Riggins.
On August 24, 1998, the Watsons moved the circuit court, pursuant to Rule 59(e), Ala.R.Civ.P., to alter, amend, or vacate its order of dismissal. The Watsons again argued that because they had an appeal pending in the Eleventh Circuit from the federal district court's order compelling arbitration and enjoining separate litigation — which order was the basis of the circuit court's dismissal — the order compelling arbitration still might be vacated. They also argued that if the district court's order was indeed vacated, then the circuit court's dismissal of their claims could prejudice them greatly because the statutory limitations period applicable to their claims could expire before the Eleventh Circuit rendered a decision. The circuit court denied the motion; the Watsons did not appeal from that ruling.
On March 22, 2000, the Eleventh Circuit affirmed the district court's ruling as to the claims relating to the termite bond, but it reversed as to the claims relating to the wood-infestation report and permitted the Watsons to pursue those claims. As the Watsons had feared in opposing the dismissal of their original complaint, the limitations period had expired and the statute barred them from filing a new complaint stating those claims.
On April 7, 2000, the Watsons, acting pursuant to Rule 60(b)(6), Ala.R.Civ.P., moved the Madison Circuit Court for relief from its 1998 judgment of dismissal, claiming that the Eleventh Circuit's decision presented the court with exceptional circumstances — circumstances under which, they contended, the Madison Circuit Court's dismissal, based on the federal district court's arbitration ruling, was unjustified. The circuit court denied the motion, holding that, pursuant to this Court's rationale stated in Ex parte Allstate Life Insurance Co., 741 So.2d 1066
(Ala. 1999), it lacked jurisdiction to consider the motion. The Watsons appealed from the order denying their Rule 60(b) motion.
 Discussion
The Watsons contend that the circuit court erred in holding that it lacked jurisdiction and, accordingly, that it should have considered the merits of their Rule 60(b)(6) motion and should have granted it. We decline to reach this issue, however; we hold that the circuit court's August 7, 1998, judgment of dismissal is void and cannot support the circuit court's postjudgment ruling or the appeal from that ruling to this Court.
The Federal Arbitration Act, which gave the federal district court the authority to enjoin further prosecution of the lawsuit pending the outcome of the ordered arbitration, provides:
 "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such *Page 692 
arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ."
9 U.S.C.A. § 3 (1999). This stay of proceedings is mandatory. SeeAdministrative Mgmt. Servs., LTD., Inc. v. Royal Am. Managers, Inc.,854 F.2d 1272, 1278-79 (11th Cir. 1988).
This mandatory stay, which was intended by Congress to apply to any litigation in a case in which arbitration has been ordered, left the Madison Circuit Court without subject-matter jurisdiction to take any substantive action, including entering a judgment of dismissal. See Exparte Anderson, 789 So.2d 190, 192 n. 1 (Ala. 2000) and Mallettev. Merchants Nat'l Bank of Mobile, 286 Ala. 37, 40,236 So.2d 694, 696 (1970) ("`An order staying proceedings puts an end to all progress in the action, and no step can be lawfully taken during its continuance.'") (quoting Wallace v. Wallace, 13 Wis. 224, 227
(1860)). Therefore, the circuit court's August 7, 1998, judgment of dismissal was a void judgment, notwithstanding whether it was intended to be with or without prejudice. Thus, the action remains pending in the Madison Circuit Court and is presently outside the purview of this Court. As this Court has stated many times, "a void judgment will not support an appeal." See, e.g., Hunt Transition Inaugural Fund v.Grenier, 782 So.2d 270, 274 (Ala. 2000). Consequently, we vacate the circuit court's judgment of dismissal and dismiss the appeal.
JUDGMENT VACATED; APPEAL DISMISSED.
Houston, See, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Moore, C.J., and Lyons, J., concur in the result.