PER CURIAM.
Ralph D. Long appeals from a summary judgment entered by the Jefferson Circuit Court on February 27, 2002. This case was transferred to this court by the Supreme Court, pursuant to § 12-2-7(6), Ala. Code 1975. For the reasons stated herein, we dismiss the appeal.
This case has previously been before this court. See Long v. City of Hoover; 844 So.2d 1273 (Ala.Civ.App.2002) (“Long I”). We quote from the pertinent procedural history summarized in Long I:
“On December 20, 1999, Ralph D. Long, a City [of Hoover] police officer holding the rank of lieutenant, sued the City and the members of the city council in their official capacity, seeking to enjoin the City from employing [Edward RJ Braden at the rank of captain and to request the City to employ the most qualified person as captain; he argued that by hiring Braden as captain the City was violating its civil service merit system and that he should be considered for the position. On January 5, 2000, several taxpayers sued the City and the members of the city council in their official capacity, seeking to prohibit the City from violating its civil service merit system, by enjoining enforcement of Braden’s settlement agreement.
“On January 11, 2000, the trial court held a hearing on Long’s motion for a preliminary injunction. On January 12, 2000, the City and all the defendants, except Barbara McCollum, who was separately represented by Steve Griffin, moved to consolidate Long’s action and the taxpayers’ action. On February 2, 2000, McCollum filed a cross-complaint against the City and the other members of the city council alleging that if she was liable to Long, she was liable because the City and the other members of the city council had violated the City’s civil service merit system.
“The City opposed the preliminary injunction, arguing, among other things, that Braden had been properly employed as a police captain pursuant to the settlement agreement. On February 15, 2000, the trial court denied Long’s motion for a preliminary injunction. On March 2, 2000, the trial court consolidated the two cases. In September 2000, Barbara McCollum was elected mayor of the City. The elections also changed the composition of the city council. Subsequently, Steve Griffin, who had been representing McCollum, filed a notice of appearance on behalf of all of the defendants. On November 15, 2000, the parties agreed to submit the case for mediation.
“A letter irom Long’s attorney indicates that the parties agreed to the essential terms of a settlement as a result of mediation on April 5, 2001. However, the mediator did not reduce the settlement to writing until June 1, 2001. The terms of the settlement included demoting Braden from captain to lieutenant.
“On April 16, 2001, Long, who is also an attorney, filed a motion, stating that he had asked Gray to withdraw as his counsel and that he wanted to enter a notice of appearance. On April 19, 2001, Long filed an amended complaint, alleging negligence, defamation, and fraud against the members of the city council individually, certain City employees, and Braden, and seeking compensatory and punitive damages. Long’s [amended] complaint arose out of certain communications made during the hearing on the preliminary injunction relating to his service record as a police officer and his *550 qualifications for the position of police captain. On May 22, 2001, the members of the city council, the City employees, and Braden moved to dismiss Long’s amended complaint because of failure to properly serve the defendants. On June 11, 2001, Long moved for a declaratory judgment. Following a hearing, the trial court, on June 12, 2001, found that the motion to dismiss was premature because the defendants had not been properly served with the amended complaint. The trial court denied Long’s motion for a declaratory judgment. On July 10, 2001, the City moved to enforce the June 1, 2001, settlement agreement. On August 13, 2001, the parties agreed to dismiss Long’s amended complaint without prejudice. On August 14, 2001, Long filed a second amended complaint against the city council members individually, certain City employees, and Bra-den, seeking compensatory and punitive damages, again based on the communications made during the litigation relating to Long’s qualifications for the position of police captain.
“On August 20, 2001, the trial court rendered a ‘final decree’ enforcing the settlement agreement reached by the parties, which was entered by the clerk of the court on August 23, 2001. On August 21, 2001, the trial court entered an order dismissing Long’s first amended complaint based upon the parties’ agreement. The court noted that Long’s second amended complaint remained pending.
“On September 6, 2001, Braden moved to intervene as a matter of right pursuant to Rule 24(a), Ala. R. Civ. P.; he challenged his demotion. On September 7, 2001, he sued the City. Bra-den also filed a petition for a writ of mandamus with this court, seeking a stay of his demotion, which the trial court denied on September 13, 2001. On September 14, 2001, the supreme court entered an order that stated, in part:
“ ‘It is further ordered that the order of August 20, 2001, entered by Judge Jack Carl in the Circuit Court of Jefferson County, Alabama is stayed pending the disposition of this petition for writ of mandamus, but the hearing currently scheduled for September 25, 2001, on petitioner’s motion to intervene is not stayed.’
“On December 28, 2001, the supreme court denied Braden’s petition for a writ of mandamus. On January 2, 2002, Bra-den filed a Rule 60(b), Ala. R. Civ. P., motion for relief from the August 20, 2001, judgment. On January 9, 2002, Long filed a response, and also filed a Rule 60(b) motion of his own. In his Rule 60(b) motion, Long alleged that fraud and misconduct on the part of his former attorney and Steve Griffin, an attorney for the defendants, warranted relief from the judgment. On January 10, 2002, Long filed his notice of appeal. On February 6, 2002, the trial court denied Braden’s motion to intervene, from which Braden timely appealed. The trial court did not rule on Braden’s Rule 60(b) motion or on Long’s Rule 60(b) motion. On February 27, 2002, the trial court purported to enter a summary judgment in favor of the defendants on all of the remaining claims.”
Long I, 844 So.2d at 1278-79 (emphasis added; footnotes omitted).
In Long I, Long argued that he was appealing from the trial court’s failure to grant his motion for relief from the August 21, 2001, order, rather than from the order itself, and that his appeal was therefore proper. We dismissed the appeal as having been taken from a nonfinal judgment. *551 See Long I, 844 So.2d at 1279. However, in so ruling, we also stated:
“The August 20, 2001, order enforcing the settlement was not a final judgment. Long’s second amended complaint, which sought compensatory and punitive damages, was still pending. On February 27, 2002, the trial court purported to enter a summary judgment in favor of the defendants on all the pending claims.
“When the trial court granted the defendants’ motion to enforce the settlement agreement, it specifically noted that Long’s second amended complaint — wherein he sued the city council members individually and added new parties — was still pending. Because claims were undecided, there was no final judgment.
“Long’s appeal, although premature because it was not from a final order, divested the trial court of jurisdiction over the case. ‘ “Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.” ’ Horton v. Horton, 822 So.2d 431, 434 (Ala.Civ.App.2001), quoting Ward v. Ullery, 412 So.2d 796, 797 (Ala.Civ.App.1982). Long’s notice of appeal had the effect of divesting the trial court of jurisdiction to rule on his remaining claims. Therefore, the trial court’s judgment of February 27, 2002, is a nullity because of Long’s appeal.”
Long I, 844 So.2d at 1279-80.
Because this court has previously determined that the February 27, 2002, summary judgment is void, Long’s claims remain to be adjudicated by the Jefferson Circuit Court. The law is well-settled that a void judgment will not support an appeal. See Watson v. Terminix Int’l Co., 810 So.2d 689 (Ala.2001). Thus, Long’s current appeal, like his first appeal, must be dismissed. In dismissing the appeal, however, we specifically instruct the trial court to set aside the void February 27, 2002, summary judgment.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE TRIAL COURT.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., recuses himself.