■ EBER-NDC, LLC, Respondent, v STAR INDUSTRIES, INC., Appellant. [822 NYS2d 834]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), dated September 28, 2005. The order, among other things, granted plaintiff's motion to consolidate this action with a related action pending in the Supreme Court, Nassau County.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court erred in granting the motion of plaintiff, Eber-NDC, LLC (Eber), to consolidate actions pending in two counties and in "incidently" changing the venue of a Nassau County action to Monroe County. Eber commenced this action in Supreme Court, Monroe County (Monroe Court), by filing a summons with notice (Monroe action). Before defendant, Star Industries, Inc. (Star), was served with the summons

with notice in the Monroe action, it had commenced an action against Eber in Supreme Court, Nassau County (Nassau Court), by filing a summons with notice (Nassau action). Star subsequently served Eber with the Nassau action complaint, and Eber then served Star with the Monroe action complaint and a motion to consolidate the Monroe action and the Nassau action "in Monroe County."

Generally, "[i]f related Supreme Court actions are pending in different counties, the court should designate, in the order of consolidation or joint trial, a venue for the place of trial. A separate motion for change of venue (CPLR 510, 511) need not be made," although such a motion is not precluded (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C602:3, at 320-321; *see* CPLR 511; *Perinton Assoc. v Heicklen Farms*, 67 AD2d 832, 833 [1979]). Here, following Eber's motion to consolidate, Star made a separate motion to the Nassau Court, strictly following the procedural framework of CPLR 511. Star served a demand pursuant to CPLR 511 (b) for a change of place of trial demanding that the Monroe action be tried in Nassau County based on the allegation that Monroe County was an improper venue. When Eber did not consent to the change, Star then had 15 days in which to move to change the place of trial (*see* CPLR 511 [b]). "CPLR 511 (b) requires that a motion to change venue be made in the county where the suit was commenced if, within five days after service of the demand to change venue, a plaintiff 'serves an affidavit showing either that the county specified by defendant is not proper or that the county designated by [plaintiff] is proper' " (*Podolsky v Nevele Winter Sports*, 233 AD2d 605, 605 [1996]; *see Vacant Lots v Town Bd. of Town of Liberty*, 116 AD2d 865, 866 [1986]). Inasmuch as Eber failed to serve such an affidavit, Star then had the authority pursuant to CPLR 511 (b) to move in Nassau County to change venue (*see* CPLR 511 [b]; *Hughes v Nigro*, 108 AD2d 722, 723 [1985]; *Williams v Albany Med. Ctr. Hosp.*, 86 AD2d 915 [1982]; *Goldstein v Roth*, 85 AD2d 555 [1981]).

Pursuant to CPLR 511 (c) and 2201, once Star moved in the Nassau Court to change venue in the Monroe action, that court had the authority to stay the proceedings in the Monroe action. Despite the Nassau Court's order staying all proceedings in that action, which was then pending in Monroe County, the Monroe Court nevertheless granted Eber's motion to consolidate and, "incidently," changed the venue of the Nassau County action to Monroe County. We conclude that the Monroe Court erred in failing to give effect to the stay ordered by the Nassau Court. Even if the stay were improperly granted, the proper procedure

would have been for Eber to move to vacate the stay (*see Rothouse v Association of Lake Mohegan Park Prop. Owners*, 37 Misc 2d 1012, 1014-1015 [1962]).

Contrary to the contention of Eber, the decision of this Court in *Matter of Modernismo Publs. v Tenney* (104 AD2d 721 [1984]) does not render the stay improper. In that case, we wrote that "[t]he practice of applying in one action to stay the proceedings in another action, pending in a different jurisdiction, is unauthorized" (*id.* at 721). In this case, however, the Nassau Court possessed the authority to act in the Monroe action based on CPLR 511 (b) and, therefore, this is not a situation in which a party applied in one action to stay the proceedings in another action.

Because the Monroe Court acted in violation of the existing and authorized stay, we conclude that the order must be reversed and Eber's motion to consolidate denied. Present—Gorski, J.P., Martoche, Smith and Pine, JJ.